# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-2396

_____

|  |  |  |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| Randy D. Warner, | * | |
| | * | **[TO BE PUBLISHED]** |
| Appellant. | * | |

_____

Submitted: February 18, 2000
Filed: February 28, 2000

_____

Before LOKEN, FAGG, and HANSEN, Circuit Judges.

_____

PER CURIAM.

Randy D. Warner pleaded guilty to distributing a listed chemical knowing or having reasonable cause to believe it would be used to manufacture methamphetamine, in violation of 21 U.S.C. § 841(d)(2). He appeals his thirty-seven-month sentence, arguing the district court[1] erred in imposing a two-level enhancement under U.S.S.G. § 3B1.4 for attempting to use a minor to commit the offense, and in refusing to admit an exhibit offered at the evidentiary sentencing hearing. We affirm.

_____

[1]The HONORABLE GARY A. FENNER, United States District Judge for the Western District of Missouri.

At sentencing, two undercover officers testified that they followed Warner's vehicle to a truck stop where they had arranged to purchase 90,000 ephedrine tablets for $1500. Warner was accompanied by his eight-year-old daughter. Officer Flett, wearing a tape recorder, left his car and went to the driver's side window of Warner's vehicle. Warner said he would bring the money to his nearby supplier and return with the ephedrine. Flett refused to pay the money until Warner brought the drugs. Warner suggested that he leave his daughter in the truck stop restaurant with the officers so they could give him the money in advance and be certain he would return with the drugs. When Flett refused, Warner and his daughter left without the money, returned in a short time with the ephedrine, and the illegal exchange was completed. The § 3B1.4 enhancement is based on Warner's suggestion that he leave his daughter with the officers while he took their money to his supplier.[2]

On appeal, Warner first argues the district court's finding that he made this suggestion is clearly erroneous because it cannot be heard on Flett's audio tape of his conversation with Warner, which was admitted into evidence and played at the sentencing hearing. Both officers testified that portions of the tape were inaudible due to background noise from nearby highway traffic. Officer Flett testified unequivocally that Warner offered to leave his daughter in the restaurant while he took the money to get the drugs, and Flett identified the point on the tape when this inaudible statement occurred. The district court, having listened to the tape as well as the testimony, credited Officer Flett's testimony. Although the tape provides some "extrinsic

---

[2]Warner argued to the district court this was not an attempt to use a minor to commit the offense within the meaning of § 3B1.4, an argument he does not renew on appeal. Although Warner's unusual, spur-of-the-moment suggestion does not fit neatly into the non-exclusive examples of "use" listed in Application Note 1 to § 3B1.4, the district court did not commit plain error in finding Warner's conduct fell within this guidelines provision. Warner acted irresponsibly in bringing his young child on this nefarious junket. His offer to leave her in what might well have been a dangerous situation to facilitate his criminal activity warrants a sentence enhancement.

evidence that contradicts the witness's story," United States v. Womack, 191 F.3d 879, 885 (8th Cir. 1999), the tape does not establish whether Warner's alleged suggestion was never made, or was merely inaudible. In these circumstances, the district court's finding that Warner did offer to leave his daughter with the officers to facilitate the drug deal is not clearly erroneous.

Warner also argues the district court erred in refusing to admit into evidence a transcript of the tape prepared by the defense. This issue arose because Warner's counsel intended to use the tape in cross examining Officer Flett, and Flett brought the tape but no cassette recorder to the hearing. On the assumption someone would find a recorder in the courthouse, the district court sustained the government's objection to use of the transcript. A recorder was found, the tape was played for both the officers and the court, and defense counsel used the tape in conducting the cross examination. The court plainly did not abuse its substantial evidentiary discretion in excluding the transcript. The tape, accompanied by the live testimony of Officer Flett, was the best evidence of the conversation. The transcript was cumulative, and it was less reliable because it was not prepared with Officer Flett's assistance in deciphering the partially inaudible tape. See United States v. McMillan, 508 F.2d 101, 105-06 (8th Cir. 1974), cert. denied, 421 U.S. 916 (1975).

The judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.