**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Alberto CASTRO–HERNANDEZ,**
**Defendant–Appellant.**

**No. 01–50192.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 11, 2001

Filed Aug. 6, 2001

---

4.  18 U.S.C. § 3553(a)(2)(B), (a)(2)(C), and (a)(2)(D).

Gary P. Burcham, San Diego, California, for the defendant-appellant.

Patrick K. O'Toole, United States Attorney, Daphne S. Scott, Assistant United States Attorney, San Diego, California, for the plaintiff-appellee.

Before: HUG, GRABER, and W. FLETCHER, Circuit Judges.

GRABER, Circuit Judge:

Defendant Alberto Castro–Hernandez appeals his sentence for importation of marijuana, in violation of 21 U.S.C. §§ 952 and 960, and possession of marijuana with intent to distribute it, in violation of 21 U.S.C. § 841(a)(1). He argues that the district court erred by applying a two-level upward adjustment, under U.S.S.G. § 3B1.4, for the use of a minor to assist in

avoiding detection of the offense. We affirm.

## STANDARD OF REVIEW

■ We review de novo the district court's interpretation of the sentencing guidelines. *United States v. Castillo,* 181 F.3d 1129, 1134–35 (9th Cir.1999), *cert. denied,* —— U.S. ——, 121 S.Ct. 1502, 149 L.Ed.2d 386 (2001). We review the district court's findings of fact for clear error. *United States v. Maldonado,* 215 F.3d 1046, 1050 (9th Cir.2000), *cert. denied,* —— U.S. ——, 121 S.Ct. 1141, 148 L.Ed.2d 1004 (2001). Those findings must be supported by a preponderance of the evidence; that is, the evidence must establish "that the relevant fact is more likely true than not." *United States v. Collins,* 109 F.3d 1413, 1420 (9th Cir.1997).

## FACTUAL AND PROCEDURAL BACKGROUND

At about 10:30 a.m. on Tuesday, October 17, 2000, agents arrested Defendant at the Mexican border as he attempted to enter the United States at the Calexico East Port of Entry. A search of the pickup truck that he was driving had revealed 23 cellophane-wrapped packages of marijuana, concealed within the gas tank, spare tire, and passenger door. The 23 packages contained a total of 46 kilograms of marijuana. Defendant's three-year-old son was a passenger in the truck at the time of the border crossing and arrest.

Defendant was indicted on two counts, one pertaining to importation of the marijuana and the other pertaining to possession with intent to distribute. He pleaded guilty to both counts, and he does not appeal his guilty plea or conviction.

The Presentence Report (PSR) recommended a two-level upward adjustment un-

der U.S.S.G. § 3B1.4 because Defendant had "utilized" his son "while committing the offense in an apparent effort to assist in avoiding detection." Defendant objected to that recommendation.

The district court decided to apply the adjustment. The court found as a fact that Defendant had used his son as a "subterfuge." The court observed that Defendant's mother-in-law normally cared for Defendant's son during the workday and inferred that the son's presence in the truck on a weekday morning must have been for the purpose of hiding the offense during its commission. Accordingly, the court sentenced Defendant to fifteen months' imprisonment and three years' supervised release on each count, with the terms to run concurrently.

This timely appeal ensued.

## DISCUSSION

A. *The Scope of the Guideline*

Section 3B1.4 of the federal sentencing guidelines provides:

> If the defendant used or attempted to use a person less than eighteen years of age to commit the offense or assist in avoiding detection of, or apprehension for, the offense, increase by 2 levels.

Application Note 1 defines "[u]sed or attempted to use" to include "directing, commanding, encouraging, intimidating, counseling, training, procuring, recruiting, or soliciting." U.S.S.G. § 3B1.4, cmt. n.1.

■ Defendant concedes that he "procured" or "directed" his young son's presence in the truck. Indeed, in his objection to the PSR, he affirmatively acknowledged that he was responsible for his son's being there; he argued that he put his son in the truck for the purpose of taking him home after visiting relatives in Mexicali.[1] He

---

1. That fact distinguishes this case from *United States v. Parker,* 241 F.3d 1114 (9th Cir.2001), in which we held that the use-of-a-minor ad-

justment did not apply. In *Parker,* an adult defendant robbed a bank with a teen-aged

argues, however, that even if he "did bring his son with him with a mind to aiding in his smuggling endeavor," the requirement of the guideline is not met. Rather, he says, "active involvement or employment of the minor person in the offense" is required. He contends that Congress did not intend that the use of a child as a decoy to reduce the likelihood of detection could support an upward adjustment. We disagree.

Congress directed the Sentencing Commission to provide an upward adjustment for defendants who use a minor "with the intent that the minor would commit a Federal offense." Violent Crime Control and Law Enforcement Act of 1994, Pub.L. No. 103–322, § 140008(a)(2), 108 Stat. 1796, 2033 (1994). But Congress did not limit the Commission only to one particular form of using a minor in the commission of a crime. The wording of subsection (a)(1), which required the Commission to provide "an appropriate sentence enhancement if the defendant involved a minor in the commission of the offense," is broad enough to cover intentionally using a minor as an innocent decoy. *Id.* § 140008(a)(1). The text of the guideline covers that form of "use" as well, when it provides that the adjustment applies to a defendant who "used" (here, "procured" or "directed") a minor to "assist in avoiding detection of, or apprehension for, the offense." U.S.S.G. § 3B1.4.

The Eighth Circuit also has concluded that a defendant's act of embroiling a minor in the commission of an offense, even when the minor's conduct does not constitute an offense, is sufficient to warrant an upward adjustment under § 3B1.4. In *United States v. Warner*, 204 F.3d 799, 800–01 (8th Cir.2000), for example, the court upheld the application of § 3B1.4 to a defendant who had "acted irresponsibly in bringing his young child on [a] nefarious junket" and who had offered to leave his daughter with undercover agents as collateral in a drug deal. *Id.* at 800–01 & 801 n. 2.

■ We agree that a minor's own participation in a federal crime is not a prerequisite to the application of § 3B1.4. It is sufficient that the defendant took affirmative steps to involve a minor in a manner that furthered or was intended to further the commission of the offense.

B. *The Circumstances of the Crime*

■ In the alternative, Defendant argues that the record does not support a finding that he intentionally used his son as a subterfuge. He reasons that his son's mere presence just as easily could have an innocent explanation, which means that the government failed to carry its burden of proof.

While we agree that the mere presence of a minor in the truck would not have been enough to support the application of the upward adjustment under § 3B1.4, this record contains additional evidence—albeit circumstantial—that permits a reasonable finder of fact to infer that Defendant intentionally used his son as a decoy.

First, it is uncontested that Defendant was in the course of committing a crime while he had the child in the truck. It also is uncontested that Defendant was actively attempting to avoid detection. For example, he falsely declared to border inspectors that he was hauling Mexican tile, which he was planning to deliver to his mother-in-law's house.

Second, Defendant was apprehended at a time when his son usually was with

---

accomplice, but the defendant had done nothing affirmatively to involve the minor in the offense. In this case, Defendant affirmatively involved his young son in the offense by placing him in the truck in which he was smuggling drugs.

Defendant's mother-in-law. During the week, she regularly provided day care for all three of Defendant's children, while his wife worked at a day-time job. Defendant's two other young children were not with him, supporting an inference that the mother-in-law was available for day care that morning and that Defendant had a ready alternative to including his son on the smuggling expedition.

Third, Defendant told a border official and a probation officer that he had been in Mexicali with friends, at a cockfight, when he was introduced to a man who offered him $1,000 to drive a vehicle containing marijuana to Calexico. It is permissible to infer that he did not have his three-year-old with him while he and his friends attended the cockfight but, instead, intentionally picked up his son later.

Fourth, Mexicali and Calexico are just a few miles apart. Accordingly, it would have been convenient for Defendant to pick up his son at a time when he was not simultaneously smuggling drugs in someone else's vehicle.

On this record, a preponderance of the evidence supports the district court's finding that Defendant had used his son, during the smuggling of the drugs, for the purpose of avoiding detection. The district court did not clearly err.

Finally, Defendant argues that the district court improperly shifted to him the burden of proof on the applicability of § 3B1.4. We do not read the record that way. Rather, we understand the district court to have said simply that, in the absence of an explanation of why the son was with him, Defendant could not overcome

the inference of "window-dressing" that the facts presented in the PSR suggested.[2]

AFFIRMED.

---

2. Defendant does not challenge the accuracy of any of the statements of fact in the PSR. His sole objection was to its suggestion that the presence of his son was for the purpose of avoiding detection.