**UNITED STATES of America,
Plaintiff–Appellee/Cross–
Appellant,**

v.

**Ramon Francisco ROMERO,
Defendant–Appellant/Cross–
Appellee.**

Nos. 00–50493, 00–50644.
D.C. No. CR–00–00376–IEG.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 8, 2001.

Decided Dec. 13, 2001.

Before GOODWIN, WALLACE, THOMAS, Circuit Judges.

### MEMORANDUM *

Ramon Romero appeals his conviction and sentence for importing marijuana into the United States in violation of 21 U.S.C. §§ 952 and 960, and for possessing with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1). The United States cross-appeals Romero's sentence. Romero argues that the district court erred in failing to suppress his post-arrest statement, in failing to declare a mistrial based on the government's alleged *Doyle* violation, and in denying Romero's motion to dismiss the indictment for alleged *Apprendi* error. The United States argues that the district court should have adjusted Romero's sentence upward because he used his minor sister to avoid detection. We agree with the United States that the district court should have increased Romero's sentence for use of a minor, and we

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

hold Romero's arguments on appeal to be without merit.

■ The government requested a two-level enhancement under Section 3B1.4 of the Sentencing Guidelines, which provides that "if the defendant used or attempted to use a person less than eighteen years of age to commit the offense or assist in avoiding detection of, or apprehension for, the offense, increase by two levels." U.S.S.G. § 3B1.4 (1998). The district court's refusal to grant a two-level enhancement was based on an erroneous interpretation of the sentencing guidelines. In this case, as in *United States v. Castro–Hernandez*, 258 F.3d 1057, 1061 (9th Cir. 2001), there was sufficient evidence that Romero had intentionally used his minor sister as a decoy in his drug smuggling venture. We reverse and remand for a two-level sentencing enhancement in accordance with the finding that Romero did use a minor to avoid detection.

We affirm the district court's denial of Romero's motion to suppress his post-arrest statement. Romero argues that the district court erred because Romero's statement concerning his sister was (1) "inextricably intertwined" with his invocation of his *Miranda* rights, (2) the result of government coercion, and (3) in response to government conduct "reasonably likely to elicit an incriminating response." A district court's determination of the voluntariness of a post-arrest statement is reviewed de novo. *See United States v. Doe*, 170 F.3d 1162, 1168 (9th Cir.1999). We review for clear error any factual findings underlying the determination of voluntariness, including findings on whether a *Miranda* waiver was knowing and intelligent, and whether a defendant was under interrogation. *See id.* We affirm the district court's finding that Romero's post-arrest, post-*Miranda* statement was voluntary under the clear error standard. We hold that the district court did not clearly err in

ruling that Romero's statement was voluntary, that the statement was not part of Romero's invocation of his *Miranda* rights, and that Romero was not improperly induced by the government agent to make a statement.

■ We further hold that the district court properly refused to declare a mistrial on the basis of alleged *Doyle* error. *See Doyle v. Ohio*, 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976). We review de novo whether references to a defendant's silence violate his Fifth Amendment right to remain silent. *United States v. Pino–Noriega*, 189 F.3d 1089, 1098 (9th Cir.1999). If proven to have occurred, *Doyle* errors must be shown to be harmless beyond a reasonable doubt. *United States v. Baker*, 999 F.2d 412, 416 (9th Cir.1993). We hold that there was no *Doyle* error. At trial, the government asked the arresting officer whether he had read Romero his *Miranda* rights, whether Romero understood his *Miranda* rights, and whether the arresting officer told Romero that he wanted to ask him questions about his knowledge and his sister's knowledge of the marijuana in the car. These questions, which Romero claims are improper comments on his *Miranda* silence, were posed to establish that Romero's post-arrest statement was voluntary. Such questioning does not constitute *Doyle* error, particularly given the fact that Romero put voluntariness into play as a jury issue.

Romero was found guilty of possessing with intent to distribute and importing marijuana. The district court sentenced Romero to twenty-one months of imprisonment followed by three years of probation in accordance with the penalties prescribed by 21 U.S.C. § 841(b)(1)(D) and 21 U.S.C. § 960(b)(4) for violations involving less than 50 kilograms of marijuana. Romero challenges these statutes as facially unconstitutional and challenges his sentence as

unconstitutional under *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

Romero's *Apprendi* challenge is without merit. Sections 960(b)(4) and 841(b)(1)(D) are not unconstitutional on their face. These provisions provide for sentences that apply even if no additional facts are found beyond those required by § 960(a) and § 841(a). Romero was sentenced only pursuant to § 960(b)(4) and § 841(b)(1)(D), and these provisions can be severed from the provisions that require findings of drug quantity. Whatever questions may arise under the cited statutes, because the sections of the statutes that apply to this defendant are severable, his sentence remains valid.

The as-applied challenge similarly fails because Romero was never exposed to a sentence beyond the statutory maximum for the lowest quantity of drugs. The court in *Apprendi* held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* at 490. Romero was never exposed to a sentence greater than 60 months' imprisonment, the maximum to which he constitutionally may be exposed under § 960(b)(4) and § 841(b)(1)(D).

The conviction is **affirmed,** and the sentence is **vacated** and **remanded** for resentencing.