**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Clifford SUVA, II, Defendant—**
**Appellant.**

**No. 00–50756.**
**D.C. No. CR–97–01232–CM.**

United States Court of Appeals,
Ninth Circuit.

Submitted May 13, 2002.*

Decided May 24, 2002.

---

* This panel unanimously finds this case suitable for decision without oral argument. See   Fed. R.App. P. 34(a)(2).

Before FERNANDEZ, WARDLAW and W. FLETCHER, Circuit Judges.

MEMORANDUM **

Clifford Suva II appeals the 78–month sentence and restitution order imposed by the district court following his guilty-plea conviction for conspiracy, 18 U.S.C. § 371, alteration of used motor vehicle odometers, 49 U.S.C. §§ 32703(2) and 32709(b), interstate transportation of forged securities, 18 U.S.C. § 2314, and engaging in money laundering of funds derived from the interstate transportation of stolen vehicles, 18 U.S.C. § 1957. We have jurisdiction pur-

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

suant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291. We affirm.

We review de novo the legality of a guidelines sentence. *United States v. Reyes–Pacheco,* 248 F.3d 942, 945 (9th Cir. 2001). We review for clear error the application of an aggravated role adjustment, *United States v. Avila,* 95 F.3d 887, 889 (9th Cir.1996), and an adjustment for use of a minor in the commission of an offense, *United States v. Parker,* 241 F.3d 1114, 1120 (9th Cir.2001). We generally review a restitution order for abuse of discretion, with factual findings reviewed for clear error and the legality of the restitution order reviewed de novo. *United States v. Stoddard,* 150 F.3d 1140, 1147 (9th Cir. 1998).

■ Suva initially contends that the district court violated his due process rights by applying a preponderance of the evidence standard instead of a clear and convincing evidence standard in evaluating whether his actions warranted sentencing enhancements for: (1) being a leader/organizer, under U.S.S.G. § 3B1.1(a); and (2) use of a minor, under § 3B1.4 (1997). We disagree. Because we conclude, after examining Suva's case in light of the factors discussed in *United States v. Johansson,* 249 F.3d 848, 853–54 (9th Cir.2001), that the enhancements did not have an extremely disproportionate effect on Suva's sentence, the district court properly applied a preponderance of the evidence standard. *See id.*

Suva next contends that the district court erred by applying a four-level aggravated role adjustment to his money laundering offense level for being a leader or organizer under U.S.S.G. § 3B1.1(a). Because ample evidence in the record supports the district court's finding that Suva was an organizer or leader of the money-laundering operation, we conclude that the district court did not clearly err by applying the adjustment. *See Avila,* 95 F.3d at 889.

Suva also contends that the district court erred by applying a two-level enhancement under U.S.S.G. § 3B1.4 for Suva's use of his minor son in the money-laundering operation. Based on our review of the record, and giving due deference to the district court's credibility findings, *see* 18 U.S.C. § 3742(e), we cannot conclude that the district court clearly erred by applying the enhancement. *See United States v. Castro–Hernandez,* 258 F.3d 1057, 1061 (9th Cir.2001).[1]

■ Suva further contends that the district court erred by applying a one-level multiple count enhancement under U.S.S.G. § 3D1.4 (1992). This contention lacks merit. As the district court found, the odometer tampering offenses are distinct from the grouped securities fraud and money laundering offenses because they measure different harm. *See* U.S.S.G. § 3D1.4; *United States v. Syrax,* 235 F.3d 422, 424–26 (9th Cir.2000).

Lastly, Suva contends that the district court erred by ordering restitution in the amount of $906,235 because the restitution amount does not represent actual losses to the victims and is excessive. Suva also claims that the restitution order violates

---

1. To the extent that Suva raises the contentions that: (1) the district court improperly based its role and use of a minor decisions on conduct in the ungrouped odometer offenses, and (2) all Suva's conduct should have been grouped together, we conclude they fail. First, the record shows that the district court relied on Suva's separate activities in the money-laundering operation as distinct from the ungrouped odometer offenses. Second, the odometer offenses and the stolen-car/money-laundering operation represent separate harms. *See United States v. Calozza,* 125 F.3d 687, 690 (9th Cir.1997).

the plea agreement and the Ex Post Facto Clause of the Constitution.

■ The plea agreement could not limit the district court's discretion in imposing restitution; indeed, the agreement expressly provided that the district court was not bound by it. In any event, the district court was free to make its own calculations relevant to the restitution order. *See* 18 U.S.C. § 3664(f)(1)(A) (requiring restitution without regard for defendant's financial circumstances).

■ Moreover, the district court's application of 18 U.S.C. § 3663A, the Mandatory Victim Restitution Act ("MVRA"), did not violate the Ex Post Facto Clause because Suva pled guilty to a conspiracy that continued beyond the effective date of the statute. *See United States v. Kubick*, 205 F.3d 1117, 1129 (9th Cir.1999) (holding that the MVRA does not violate the Ex Post Facto Clause when applied to conspiracy offenses that began before the statute's effective date and continued beyond it).

■ Finally, the district court did not abuse its discretion by basing the restitution order for the odometer tampering scheme on a reasonable estimate that took into account the difference in value between the vehicles before and after their mileage was altered. *See Stoddard*, 150 F.3d at 1147. The district court also did not abuse its discretion by relying on the thorough documentation in the presentence report of the losses caused by the auto theft scheme, which explained each victim's loss. *See id.*

**AFFIRMED.**