**UNITED STATES of America,**
**Appellee,**

**v.**

**Scott A. MILLS, Defendant–Appellant,**

**Elizabeth June MILLS and David Lee Mills, Defendants.**

No. 02–1491.

United States Court of Appeals, Second Circuit.

June 5, 2003.

Sandra J. McCarthy, Wynantskill, N.Y., for Defendant–Appellant.

Barbara D. Cottrell, Senior Litigation Counsel, Northern District of New York, Albany, N.Y. (Glenn T. Suddaby, United States Attorney for the Northern District

of New York, and David M. Grable, Assistant United States Attorney, on the brief), for Appellee.

PRESENT: KEARSE, STRAUB, and RAGGI, Circuit Judges.

## SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

———— At a stated term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 5th day of June, Two Thousand and Three.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the district court's judgment of conviction entered on August 9, 2002 is hereby AFFIRMED.

Defendant–Appellant Scott A. Mills, who pleaded guilty to one count of possessing prohibited objects, to wit, drugs, while a federal inmate, *see* 18 U.S.C. § 1791(a)(2), appeals from a judgment of conviction sentencing him to 37–months' incarceration.[1] Mills challenges the calculation of his guideline range, submitting that insufficient evidence supported the district

court's decision to award him a two-level enhancement pursuant to U.S.S.G. § 3B1.4, which applies "[i]f the defendant used or attempted to use a person less than eighteen years of age to commit the offense or assist in avoiding detection of, or apprehension for, the offense."

In considering Mills's sentencing challenge to the district court's findings of fact, we review only for clear error. *See United States v. Downing*, 297 F.3d 52, 60 (2d Cir.2002); *United States v. Paccione*, 202 F.3d 622, 624 (2d Cir.2002). In applying this deferential standard, we are mindful that the district court's sentencing findings need to be supported only by a preponderance of the evidence, *see United States v. Thorn*, 317 F.3d 107, 117 (2d Cir.2003), and that the issue of a defendant's intent often depends on reasonable inferences drawn from circumstantial evidence, *see United States v. Brown*, 937 F.2d 32, 36 (2d Cir. 1991) (noting that direct evidence of intent can rarely be adduced); *see also* 1 L. Sand, et al., *Modern Federal Jury Instructions* ¶ 6.06, Instr. 6–17 (1996) (recommending that juries be instructed to review the "surrounding facts and circumstances" when considering a defendant's intent, for "[t]he intent with which an act is done is often more clearly and conclusively shown by the act itself or by a series of acts, than by words or explanations . . .").

Mills's possession of prohibited objects while a federal inmate occurred on August 4, 2001, when his 71–year old mother, accompanied by Mills's three minor children, visited him at the Federal Correctional Institution in Ray Brook, New York, and

---

**1.** This sentence represents the middle of Mills's 33–41 month guideline range based on an offense level of 13 and a criminal history category of VI. The sentence runs consecutively to a 50–month term of incarceration imposed on Mills in the District of Maine for

possession of a firearm by a convicted felon, *see* 18 U.S.C. § 924(g)(1), which sentence Mills was then serving when he committed the § 1791(a)(2) crime that is the subject of this appeal.

passed him two balloons filled with drugs. Although no direct evidence established Mills's intent to use his children to avoid detection, the district court could reasonably have inferred that intent from the totality of the circumstances. First, the success of Mills's smuggling scheme necessarily depended on his courier not arousing suspicion. Second, few persons were less likely to arouse suspicion than an elderly lady accompanied by a trio of young children, all under age eight. Third, Mills admitted that he chose his mother to carry the drugs into prison precisely because he thought her age would insulate her from suspicion. Although Mills denied any intent to use his children to similar effect, the district court was free to reject this disclaimer, particularly in light of tape recorded conversations in which Mills insisted that his mother deliver the drugs on the August 4 visit—when she would be accompanied by the children—rather than on the August 3 visit—when she would come to the prison without them.

In sum, the district court could fairly have inferred that Mills's children were not simply coincidentally present at the time their father and grandmother attempted to smuggle drugs into the prison. Rather, the adults had deliberately chosen to commit their crime on the single day when the children's presence would provide a further distraction. *Compare United States v. Jimenez*, 300 F.3d 1166, 1169 (9th Cir.2002) (holding that a child who routinely accompanied his mother on family trips to Mexico was not "used" by her in smuggling drugs when it would have been highly unusual for her to have left him with some other person), *with United States v. Castro–Hernandez*, 258 F.3d 1057, 1060 (9th Cir.2001) (affirming U.S.S.G. § 3B1.4 enhancement for father who specifically arranged for child to accompany him on a smuggling trip when

the boy would normally have been with his grandmother).

While these circumstances would, by themselves, support affirmance, Mills's arrest conduct provided further evidence of his willingness to use his children to his own criminal advantage. When, on August 4, 2002, authorities intervened to intercept the drugs passed to Mills by his mother, the three children understandably became frightened and started to cry. Rather than attempt to mollify their distress, Mills took advantage of the attending confusion to engage in a self-serving act of obstruction: he swallowed the drugs.

Because we conclude that the district court did not clearly err in finding that the totality of the evidence supported a § 3B1.4 sentencing guideline enhancement in Mills's case, we hereby AFFIRM.