**Not for Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 04-1408

UNITED STATES OF AMERICA,

Appellee,

v.

FRANKIE TORRES-COLON,

Defendant, Appellant.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Salvador E. Casellas, U.S. District Judge]

Before

Boudin, Chief Judge,
Stahl, Senior Circuit Judge,
and Lynch, Circuit Judge.

Hector E. Guzman-Silva, Assistant Federal Public Defender, Patricia A. Garrity, Research and Writing Specialist, and Joseph C. Laws, Jr., Federal Public Defender, District of Puerto Rico, on brief for appellant.

German A. Rieckehoff, Assistant United States Attorney, Nelson Perez-Sosa, Assistant United States Attorney, Senior Appellate Attorney, and H.S. Garcia, United States Attorney, on brief for appellee.

December 2, 2005

**Per Curiam**. Frankie Torres-Colon, who pled guilty to carjacking and was sentenced to 262 months in prison and five years of supervised release, appeals his sentence on four grounds: (1) that the district court erred in enhancing his offense level for physically restraining a person to facilitate commission of the offense; (2) that the district court erred in enhancing his offense level for using a minor to commit the offense or to assist in avoiding detection or apprehension; (3) that the district court erred (a) in imposing a drug treatment condition of supervised release in its written judgment that was not announced at sentencing and (b) in failing to specify the maximum number of drug tests that defendant would be subjected to while on supervised release; and (4) that he is entitled to resentencing under United States v. Booker, 125 S. Ct. 738 (2005). For the reasons discussed below, we vacate the drug treatment condition but find the remaining claims of error to be without merit and therefore otherwise affirm the district court's judgment.

1. Enhancement for Physical Restraint

Torres-Colon first challenges the two-level enhancement that the district court predicated on its conclusion that the victim had been "physically restrained" to facilitate defendants' commission of the carjacking offense or their escape. See USSG

§ 2B3.1(b)(4)(B).[1]  Because the relevant facts are undisputed, this challenge presents an issue of Guideline interpretation, which is reviewed de novo.  United States v. DeLuca, 137 F.3d 24, 39 n.17 (1st Cir. 1998).

As Torres-Colon concedes, the examples listed in the Guideline definition of "physically restrained," USSG § 1B1.1, comment. (n.1 (h)) ("the forcible restraint of the victim such as by being tied, bound, or locked up"), "are merely illustrative . . ., not exhaustive," DeLuca, 137 F.3d at 39.  To constitute physical restraint, it is sufficient that the victim's freedom of movement be physically restricted.  Id.  Under that standard, the district court's conclusion that the victim was physically restrained from leaving the scene by being stabbed and beaten is legally correct and amply supported by the undisputed facts.

2.  Enhancement for Using a Minor

Torres-Colon next challenges the two-level enhancement that the district court predicated on its conclusion that the defendants had used a minor in the commission of the offense.  See USSG § 3B1.4.  Specifically, the district court found that "the child was part of [defendants'] concealment and was a decoy in order for them to carry out this offense."  If viewed as a

---

[1]All citations to the Guidelines herein are to the 2002 Guidelines Manual, the version that applied at Torres-Colon's sentencing.  See PSR, ¶ 11.

-3-

factual finding, that conclusion is a reasonable inference from the undisputed facts that the offense occurred in a school parking lot at dismissal time, where other adults were likely to be accompanied by children.  From those facts, it could reasonably be inferred, as the government argued, that the defendants used the child to fit in better with the other adults and thereby allay suspicions as to their nefarious intentions. As a legal matter, we agree with the other circuits that have held that using a child as a decoy is sufficient to constitute "use" of the child within the meaning of section 3B1.4.  See United States v. Alarcon, 261 F.3d 416, 422-23 (5th Cir. 2001); United States v. Castro-Hernandez, 258 F.3d 1057, 1060-61 (9th Cir. 2001); cf. United States v. Warner, 204 F.3d 799, 800-01 (8th Cir. 2000) (upholding enhancement for use of a child where defendant brought his child to a drug deal and offered to leave her as security while  defendant went to set the drugs).

3.  Drug Testing and Treatment Conditions of Supervised Release

On appeal, Torres-Colon raises two challenges to the conditions of supervised release, neither of which was raised below.  First, he argues that the district court violated his right to be present at trial by requiring in the written judgment--without first announcing the requirement at sentencing--that if Torres-Colon has a positive drug test while on supervised release, "he shall participate in a substance abuse

program arranged and approved by the Probation officer . . . ."
We agree that by imposing this condition for the first time in
its written judgment, the district court erred. United States v.
Meléndez-Santana, 353 F.3d 93, 100 (1st Cir. 2003), overruled, in
part, on other grounds by United States v. Padilla, 415 F.3d 211,
220 (1st Cir. 2005) (en banc).  Accordingly, we vacate that
condition.

Next, Torres-Colon argues that the district court
violated 18 U.S.C. § 3583(d) and USSG § 5D1.3(a)(4)[2] by
delegating to the probation officer the discretion to determine
the maximum number of drug tests that Torres-Colon must undergo
while on supervised release.[3]  Although the government conceded
error on this point, its concession rested on our decision in
Meléndez-Santana, which has since been overruled in relevant
part.  See Padilla, 415 F.3d at 215.  Therefore, we do not hold
the government to that concession but rather consider the issue
ourselves.  United States v. Sánchez-Berríos, 424 F.3d 65, 81
(1st Cir. 2005).

---

[2]Both of those provisions mandate that a defendant on
supervised release be required to submit to one drug test within 15
days of release and at least two periodic drug tests thereafter
"(as determined by the court)."

[3]Although this condition was not announced at sentencing,
Torres-Colon does not challenge it on right-to-be-present grounds
and concedes that plain-error review applies to his wrongful
delegation claim.

-5-

Despite <u>Padilla</u>, the drug-testing condition remains an impermissible delegation of authority to the probation officer. <u>See</u> <u>Padilla</u>, 415 F.3d at 217-18 (leaving that holding of <u>Meléndez-Santana</u> intact). Nevertheless, for the reasons discussed elsewhere in <u>Padilla</u>, that delegation error neither affected Torres-Colon's substantial rights nor seriously impugned the integrity of the judicial proceedings. <u>Id.</u> at 220-24. Therefore, we decline to correct the error. <u>Sánchez-Berríos</u>, 424 F.3d at 81.

4. *Booker* Error

Finally, Torres-Colon argues that he is entitled to resentencing under <u>Booker</u>. Although he concedes that this argument was not preserved below, he asks the court to revisit its holding, first set forth in <u>Antonakopoulos</u>, 399 F.3d at 75, that to satisfy the third and fourth prongs of the plain error test, "the defendant must point to circumstances creating a reasonable probability that the district court would impose a different sentence more favorable to the defendant under the new 'advisory Guidelines' <u>Booker</u> regime." We have repeatedly rejected that same plea as beyond the power of a post-Antonakopoulos panel, <u>see</u> United States v. <u>Villafane-Jimenez</u>, 410 F.3d 74, 85 (1st Cir. 2005) (per curiam); <u>United States</u> v. <u>Bailey</u>, 405 F.3d 102, 114 (1st Cir. 2005). For the same reason, we do so here.

-6-

Torres-Colon virtually concedes that he cannot satisfy the Antonakopoulos standard, saying that he "can do no more than speculate about what the district court judge might have done differently under an advisory guidelines regimen." As a fall-back position, however, he makes a brief, conclusory argument that the district court would have sentenced him differently if the Guidelines were not mandatory. In support of that contention, he alludes to "the severe disadvantage he suffered in his upbringing, his mental status after years of substance abuse, and his socio-economic status," which he claims were not raised or considered by the district court at sentencing. In the district court, however, Torres-Colon told the probation officer that he had a "good" childhood, was reared by his mother (an elementary school teacher) and his grandmother in a "normal" setting, and enjoys good mental and emotional health. We are therefore reluctant to consider the proffered factors as potentially mitigating circumstances. See United States v. Martins, 413 F.3d 139, 154 (1st Cir. 2005).

Moreover, the district court expressly considered Torres-Colon's substance abuse and found it to be "surely no excuse for the senseless and cruel emotional harm that has been caused to the victim, his family and society as a whole." The district court further commented that a "harsh sentence"--the top of the applicable Guidelines range--was necessary to protect the

-7-

public and "meet the sentencing purposes in this particular case."  Given those circumstances and comments, we see no reasonable probability that the district court would have imposed a lesser sentence under post-Booker standards.  See, e.g., United States v. Baskin, 424 F.3d 1, 4-5 (1st Cir. 2005); United States v. Estevez, 419 F.3d 77, 80-82 (1st Cir. 2005).

For the above reasons, we vacate the drug treatment condition of supervised release and remand the case to the district court for the sole purpose of deleting that condition from the written judgment.  In all other respects, the district court's judgment and sentence are affirmed.  See Local R. 27(c).