**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Arthur Lee ANDERSON, III,
Defendant—Appellant.**

**No. 05–10122.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 16, 2006.

Decided March 21, 2006.

Deborah R. Douglas, USO—Office of the U.S. Attorney, Oakland, CA, for Plaintiff–Appellee.

Angela M. Hansen, Office of the Federal Public Defender, San Jose, CA, for Defendant–Appellant.

Before: WALLACE, HAWKINS, and THOMAS, Circuit Judges.

MEMORANDUM *

Arthur Lee Anderson III appeals from his sentence in which the district court applied a two-level sentence enhancement for "use of a minor." U.S. Sentencing Guidelines Manual § 3B1.4 (2004). We vacate the sentence and remand for resentencing.

The district court's application of the facts to the Sentencing Guidelines is reviewed for an abuse of discretion. *United States v. Kimbrew,* 406 F.3d 1149, 1151 (9th Cir.2005). "The abuse-of-discretion standard includes review to determine that the discretion was not guided by erroneous legal conclusions." *Koon v. United States,* 518 U.S. 81, 100, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996).

There is apparently a division among the circuits regarding the level of involvement required for the sentence enhancement under section 3B1.4 of the Sentencing Guidelines to apply. The Second and Seventh Circuits have adopted what some have described as a "strict liability" approach, wherein the participation of a minor in the offense in any way is enough to trigger the

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

enhancement. For example, in *United States v. Gaskin,* 364 F.3d 438, 465 (2d Cir.2004), the court stated that "if the evidence supported a conclusion that Gaskin brought the boy to the parking lot to help in any manner with his drug transfer plans, the district court properly applied a § 3B1.4 enhancement." Similarly, in *United States v. Ramsey,* 237 F.3d 853, 859 (7th Cir.2001), the court asserted that by "forming a partnership with a minor, a criminal defendant is undeniably encouraging that minor to commit a crime."

On the other hand, we have held that the enhancement is only warranted where there is evidence that "the defendant acted affirmatively to involve the minor in the [crime], beyond merely acting as his partner.... The fact that Defendant was the minor's partner and profited from his participation in the crime does not show that he acted affirmatively to involve [the minor]." *United States v. Parker,* 241 F.3d 1114, 1120–21 (9th Cir.2001). "Because Defendant did not command, encourage, intimidate, counsel, train, procure, recruit, solicit, or otherwise actively involve [the minor], he did not use or attempt to use him under the meaning of § 3B1.4." *Id.* at 1121 (quotation omitted). In *United States v. Jimenez,* 300 F.3d 1166, 1169 (9th Cir.2002), we concluded "that the district court clearly erred in finding that Jimenez 'in essence ... recruited' her son to assist in avoiding detection of her crime because no evidence shows that Jimenez acted affirmatively to involve him." We have explicitly rejected the so-called "strict liability" approach as being "at odds with both the plain meaning of the statute and the advisory note...." *Parker,* 241 F.3d at 1121.

Our cases upholding the sentence enhancement use the same analysis. *See, e.g., United States v. Allen,* 341 F.3d 870, 894 (9th Cir.2003) ("The evidence suggests that [defendants] recruited minors ... and encouraged and directed them to commit violent acts"); *United States v. Castro–Hernandez,* 258 F.3d 1057, 1060 (9th Cir. 2001) ("While we agree that the mere presence of a minor in the truck would not have been enough to support the application of the upward adjustment ..., this record contains additional evidence ... that permits a reasonable finder of fact to infer that Defendant intentionally used his son as a decoy").

The district court explicitly, and impermissibly, used Second Circuit law rather than law of this circuit when determining whether the enhancement should apply:

> You know, in looking at the *Gaskin* case, which is a Second Circuit case[, t]he Second Circuit ... stated, 'the appropriate focus of a court's inquiry is on the actions and intent of the defendant. Whether the minor himself engaged in any criminal actions, whether the minor intended to assist in the adult's criminal activities or whether the minor even knew that the adult was involved in criminal activity is, in fact, irrelevant to the application of 3B1.4 for enhancement.' So applying the reasoning of *Gaskin* to this case, regardless of what Ms. Appleberry [the minor] knew or intended with respect to defendant's drug trafficking activities, 'if the evidence supports a conclusion that the defendant brought'—in this case, Ms. Appleberry—'to help in any manner with his drug transfer plans, ... the district court properly applied 3B1.4.' ... And I do find that based on the facts here that the evidence certainly supports a conclusion that he, um, brought the minor to help in a—in a manner with his drug transfer plans.

The district court abused its discretion by failing to apply this circuit's legal standard.

The government argues that any error was harmless because Anderson's sentence fell within the applicable guideline range. Our cases are to the contrary. In *Kimbrew*, 406 F.3d at 1154, we reversed and remanded where the error "resulted in a guideline range of 51–63 months, instead of 41–51 months." In *United States v. Rodriguez–Lara*, 421 F.3d 932, 949 (9th Cir.2005), we stated that "because he was entitled to a lower Guideline range than that under which he was actually sentenced, the outcome of Rodriguez's sentencing was affected such that our confidence in that outcome is undermined."

We vacate Anderson's sentence and remand for the district court to apply *Parker* in resentencing Anderson.

**SENTENCE VACATED; REMANDED FOR RESENTENCING.**