**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Victor Manuel RUIZ–ESTRADA,
Defendant—Appellant.**

**No. 06–50450.**

United States Court of Appeals,
Ninth Circuit.

Submitted March 12, 2007 *.

Filed March 21, 2007.

Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Timothy R. Garrison, Federal Defenders Of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: KOZINSKI, LEAVY, and BYBEE, Circuit Judges.

### MEMORANDUM **

Victor Manuel Ruiz–Estrada appeals from the 24–month sentence following his guilty-plea conviction of bringing an illegal alien into the United States without presentation and aiding and abetting, in violation of 8 U.S.C. § 1324(a)(2)(B)(iii) and 18 U.S.C. § 2. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

■ Ruiz–Estrada challenges the district court's application of a two-level upward adjustment under U.S.S.G. § 3B1.4 for the use or attempted use of a minor to commit the crime of alien smuggling. We cannot say that the district court clearly erred in finding the enhancement. The district court found that Ruiz–Estrada, who falsely claimed U.S. citizenship at the primary inspection, was attempting to use his U.S. citizen children to avoid detection. The court noted that Ruiz–Estrada had twice previously been arrested for alien smuggling with some of his children in the car. *See United States v. Castro–Hernandez*, 258 F.3d 1057, 1059–60 (9th Cir.2001).

■ Ruiz–Estrada also contends that he is entitled to resentencing because the district court gave the sentencing guidelines presumptive weight in violation of *United*

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*States v. Zavala*, 443 F.3d 1165, 1170–71 (9th Cir.2006), *en banc reh'g granted*, 462 F.3d 1066 (2006). Even if we assume that it is improper for a district court to treat the guidelines sentencing range as the presumptive sentence, Ruiz–Estrada is not entitled to any relief. The record in this case shows that the district court did not treat the guidelines range as the presumptive sentence.

Ruiz–Estrada's second motion to file a late reply brief is denied.

**AFFIRMED.**