**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

CARINA S. PRECIADO,
*Defendant-Appellant.*

No. 06-50649

D.C. No.
CR-06-00745-GT

OPINION

Appeal from the United States District Court
for the Southern District of California
Gordon Thompson, Jr., Senior District Judge, Presiding

Argued and Submitted
August 9, 2007—Pasadena, California

Filed October 31, 2007

Before: Alex Kozinski and Johnnie B. Rawlinson,
Circuit Judges, and Miriam Goldman Cedarbaum,*
Senior District Judge.

Per Curiam Opinion

*The Honorable Miriam Goldman Cedarbaum, Senior United States District Judge for the Southern District of New York, sitting by designation.

14327

**COUNSEL**

Steven F. Hubachek, Federal Defenders of San Diego, Inc., San Diego, California, for the defendant-appellant.

Peter J. Mazza, Assistant U.S. Attorney; Karen P. Hewitt, U.S. Attorney; Bruce C. Castetter, Assistant U.S. Attorney, San Diego, California, for the plaintiff-appellee.

**OPINION**

PER CURIAM:

Preciado met with a man named "El Huate," who asked her to smuggle drugs into the United States. Preciado agreed and two weeks later El Huate came to her home in Mexico. Preciado left her two-year-old son with her sister Magdalena, who was staying at Preciado's home. El Huate drove Preciado and her other four children, whose ages ranged from seven months to six years, to a nearby McDonald's, where a van with 150 pounds of marijuana was waiting. Preciado drove the van to the United States with the four children, and she

was detained at the border after agents found the marijuana concealed in the van's dash, driver's side panels and gas tank. After Preciado was arrested, Magdalena came to the border and took custody of the children.

Preciado pled guilty to importing marijuana. *See* 21 U.S.C. §§ 952, 960. Finding that Preciado used her children as decoys to avoid detection, the district court applied a sentencing enhancement under U.S.S.G. § 3B1.4 for using a minor to avoid detection of an offense. Preciado appeals this sentencing enhancement, and we have jurisdiction under 28 U.S.C. § 1291.

**[1]** A two-level sentencing enhancement may be imposed under U.S.S.G. § 3B1.4 "[i]f the defendant used or attempted to use a person less than eighteen years of age to commit the offense or assist in avoiding detection of, or apprehension for, the offense." The district court may only impose the § 3B1.4 enhancement if it is "supported by a preponderance of the evidence," *United States* v. *Castro-Hernandez*, 258 F.3d 1057, 1059 (9th Cir. 2001). We review the district court's finding that Preciado used her children to avoid detection for clear error. *United States* v. *Jimenez*, 300 F.3d 1166, 1169 (9th Cir. 2002).

**[2]** A defendant only uses a minor in the offense if he "acted affirmatively to involve the minor in the crime." *United States* v. *Parker*, 241 F.3d 1114, 1121 (9th Cir. 2001). However, "a minor's own participation in a federal crime is not a prerequisite to the application of § 3B1.4," as § 3B1.4 can be applied for "intentionally using a minor as an innocent decoy." *Castro-Hernandez*, 258 F.3d at 1060. In cases where a defendant is smuggling drugs and has a minor with him, we look to circumstantial evidence in determining whether the defendant used the minor to avoid detection. For example, evidence that the defendant had a ready child care alternative or that he brought children along to a previously planned crime supports a finding that the minors were used to avoid

detection. *See Jimenez*, 300 F.3d at 1169; *Castro-Hernandez*, 258 F.3d at 1061.

**[3]** Here, we find both types of circumstantial evidence. First, Preciado had a more-than-ready alternative for child care: Her sister Magdalena took care of Preciado's two-year-old while Preciado took her other four children on a drug run to the United States. Preciado argues that she only left her two-year-old with Magdalena because he was sleeping when Preciado left to get the van, and that Preciado didn't leave all five of her children with Magdalena because she had never done so before. The fact that Magdalena had never cared for all five children at once before doesn't mean that Preciado didn't have a "ready alternative" to bringing her children with her. *Castro-Hernandez*, 258 F.3d at 1061. There is nothing suggesting that Magdalena couldn't have cared for all five children at once. Indeed, after Preciado was arrested, Magdalena ended up caring for all five of the children anyway. This case is therefore like *Castro-Hernandez*, where we upheld a § 3B1.4 enhancement when some of the defendant's children were with a relative who was caring for them while the defendant was smuggling drugs. *Id.*

**[4]** Second, Preciado made plans to smuggle drugs when she met with El Huate two weeks before the date of the crime and thus had plenty of time to arrange for child care. Our case is therefore distinguishable from *Jimenez*, where we found that the district court erred in imposing a § 3B1.4 enhancement because the defendant (who was living in the United States) planned the crime on the spur of the moment while she was already in Mexico with her son for a family party. *Jimenez*, 300 F.3d at 1168. Under those unique circumstances, we reasoned that defendant's routine in bringing her son on family trips rendered child care alternatives irrelevant. *Id.* at 1169. But a defendant who has sufficient advance notice can generally make child care arrangements rather than bring a child along while committing a crime. Under such circumstances, the district court can plausibly infer that defendant brought

her four children so as to facilitate her passage across the border by making it look like she was on a family visit.

Preciado's remaining arguments are addressed in the accompanying memorandum disposition.

**AFFIRMED.**