**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Joseph SCOTT, Jr., Defendant–**
**Appellant.**

* This disposition is not appropriate for publication and is not precedent except as provided

**United States of America,**
**Plaintiff–Appellee,**

v.

**Edwena Lee Dorsey, Defendant–**
**Appellant.**

**Nos. 07–50181, 07–50217.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 5, 2008.

Filed Feb. 21, 2008.

by 9th Cir. R. 36–3.

Joseph S. Green, Jeffrey D. Kaliel, San Diego, CA, for Plaintiff–Appellee.

Robert L. Swain, Esq., Jami L. Ferrara, Esq., San Diego, CA, for Defendants–Appellants.

Before: GOODWIN, O'SCANNLAIN, and W. FLETCHER, Circuit Judges.

MEMORANDUM *

Joseph Scott, Jr. and Edwena Lee Dorsey appeal from their within-Guidelines sentences following their guilty-plea convictions of bringing illegal aliens into the United States without presentation and aiding and abetting, in violation of 8 U.S.C. § 1324(a)(2)(B)(iii) and 18 U.S.C. § 2. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Scott challenges the district court's application of a two-level upward adjustment under U.S.S.G. § 3B1.4 for the use of a minor to commit the crime of smuggling aliens. We cannot say that the district court plainly erred in finding that § 3B1.4 applied. The district court found that Scott, who drove a vehicle smuggling aliens from Mexico to the United States with Dorsey's three minor children in the rear passenger seats and lied to a Customs and Border Protection officer that he was taking his children to school, was using the children to cover up the illegal activity. *See United States v. Castro–Hernandez,* 258 F.3d 1057, 1060 (9th Cir.2001) (explaining that § 3B1.4 can be applied for "inten-

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

tionally using a minor as an innocent decoy").

 Scott contends that he is entitled to resentencing because the district court did not adequately consider the 18 U.S.C. § 3553(a) factors, and because it gave the Sentencing Guidelines presumptive weight. The record in this case shows that the district court adequately considered the § 3553(a) factors and did not treat the Guidelines as presumptive. The district court mentioned each § 3553(a) factor, emphasizing the seriousness of smuggling people inside the undercarriage of a vehicle. *See Rita v. United States,* —— U.S. ——, 127 S.Ct. 2456, 2468, 168 L.Ed.2d 203 (2007) ("The sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority.").

Dorsey contends that she is entitled to resentencing because the district court did not adequately consider the § 3553(a) factors, and because it gave the Sentencing Guidelines presumptive weight. The record shows that the district court adequately considered the § 3553(a) factors, without giving the Guidelines presumptive weight, even noting the good work of defense counsel. *See id.*

■ We decline to address on direct appeal Scott's claim of ineffective assistance of counsel because the record is insufficiently developed. *See United States v. Laughlin,* 933 F.2d 786, 788–89 (9th Cir.1991) (declining to review an ineffective assistance of counsel claim on direct appeal because such claim is more appropriate for habeas corpus proceedings where the defendant may "develop a record as to what counsel did, why it was done, and what, if any, prejudice resulted") (quoting *United States v. Pope,* 841 F.2d 954, 958 (9th Cir.1988)).

■ Scott also contends that the government breached the plea agreement. Because Scott waived his breach of plea agreement claim, we review for plain error. *See United States v. Maldonado,* 215 F.3d 1046, 1051 (9th Cir.2000). The plea agreement explains that the government's recommendation as to sentencing is not binding on the district court. That is, the government cannot force the district court to adopt its recommendation. In this case, the government recommended a sentence consistent with the plea agreement both in its sentencing summary chart and at sentencing. Although the government responded affirmatively to the district court's explanation that a two-level enhancement under § 3B1.4 is applied after, not before, the initial offense level is determined, this was not a breach of the plea agreement. Thus, there could be no plain error.

Because we cannot say that the government breached the plea agreement, Scott's argument that the government should be judicially estopped from arguing in support of the district court's sentence is dismissed as moot.

**AFFIRMED.**