**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SEVERIANO RODRIGUEZ-
QUINONES,

Defendant - Appellant.

No. 11-50105

D.C. No. 3:06-cr-00590-H

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Marilyn L. Huff, District Judge, Presiding

Submitted May 15, 2012[**]

Before:     CANBY, GRABER, and M. SMITH, Circuit Judges.

Severiano Rodriguez-Quinones appeals from the 144-month sentence

imposed following his guilty-plea conviction for conspiracy to distribute

methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846.  We have

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291, and we affirm.

Rodriguez-Quinones contends that the district court erred by declining to award a minor role adjustment because he was merely a courier. In view of the undisputed evidence that Rodriguez-Quinones made several trips across the border transporting drugs and money, the district court did not clearly err by denying the adjustment. *See United States v. Cantrell*, 433 F.3d 1269, 1282-83 (9th Cir. 2006).

Rodriguez-Quinones also contends that the district court erred by imposing a two-level enhancement for using a minor to commit the offense. The district court did not clearly err by imposing the enhancement, because the record reflects that Rodriguez-Quinones affirmatively used his children and two other minors to reduce the likelihood of detection. *See* U.S.S.G. § 3B1.4; *United States v. Castro-Hernandez*, 258 F.3d 1057, 1059-60 (9th Cir. 2001).

The record reflects that Rodriguez-Quinones's sentence, which is 66 months below the low end of the advisory Sentencing Guidelines range, is substantively reasonable in light of the totality of the circumstances and the 18 U.S.C. § 3553(a) sentencing factors. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

**AFFIRMED.**

11-50105