**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Norman Eric TAYLOR, aka Robert Lewis; Buggs, Defendant— Appellant.**

**No. 03–30072.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 3, 2004.

Decided June 9, 2004.

Josh Van de Wetering, Esq., Office of the U.S. Attorney, Missoula, MT, for Plaintiff–Appellee.

Edmund F. Sheehy, Jr., Esq., Helena, MT, for Defendant–Appellant.

Before: TASHIMA, PAEZ, and BEA, Circuit Judges.

## MEMORANDUM *

Norman Eric Taylor ("Taylor") appeals his sentence of 135 months imposed after he pled guilty to distribution of cocaine and money laundering.[1] We have jurisdiction under 28 U.S.C. § 1291 and we affirm.[2]

We review the district court's sentencing findings for clear error. *See United States v. Vought,* 69 F.3d 1498, 1503 (9th Cir. 1995) (drug quantity); *United States v. Jimenez,* 300 F.3d 1166, 1170 (9th Cir. 2002) (obstruction of justice enhancement).

## I.

The district court did not clearly err in finding by clear and convincing evidence that Taylor distributed one kilogram of cocaine, in addition to two grams of cocaine base,[3] for a base offense level of 26.

■ Taylor argues that the finding of one kilogram of cocaine, primarily on the basis of the testimony of Manuel Galvan ("Galvan"), a former drug runner for Taylor, was erroneous because Galvan's testimony at Taylor's re-sentencing was not credible. The district court, however, did not clearly err in finding Galvan's testimony sufficiently reliable. First, Galvan's testimony was consistent with Taylor's admissions in his plea agreement that he distributed cocaine between October 1996

and February 1999. Second, Galvan's testimony was credible because he testified to various transactions involving Taylor, rather than simply providing a final gross amount. *Cf. United States v. Garcia–Sanchez,* 189 F.3d 1143, 1149 (9th Cir.1999). Third, FBI agent Mossback corroborated aspects of Galvan's testimony, such as Galvan's contention that Taylor's partner Oray Fifer ("Fifer") used multiple apartments in his drug operation. Finally, the district court's evaluation of Galvan's credibility is entitled to deference because the district court was able to observe Galvan's demeanor as he testified. *See, e.g., United States v. Sarkisian,* 197 F.3d 966, 991 n. 9 (9th Cir.1999).

■ Additionally, the district court was conservative in its total estimate of drug quantity. The district court rejected the Presentence Report's recommendation that Taylor should be held responsible for 5.33 kilograms of cocaine and two grams of cocaine base, and instead found that Taylor was responsible only for two grams of cocaine base plus at least one kilogram of cocaine. In arriving at this amount, the district court: (1) did not include any marijuana or methamphetamine that could be attributed to Taylor; (2) used only the minimum amounts described by Galvan; and (3) further reduced the total amount by 50 percent. The district court's final drug quantity determination was not clearly erroneous.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. We previously vacated and remanded Taylor's original sentence because the district court did not apply the proper burden of proof, clear and convincing evidence, in determining the quantity of drugs attributable to Taylor. *See United States v. Taylor,* 42 Fed. Appx. 14, 2002 WL 987381 (9th Cir.2002).

2. Because the parties are familiar with the background facts, we do not recite them in detail.

3. Taylor distributed two grams of cocaine base in March 1998 to an informant working with the police. Taylor does not contest that the district court properly used these two grams in calculating his base offense level.

## II.

██ The district court did not err in imposing an enhancement for obstruction of justice pursuant to U.S.S.G. § 3C1.1. The basis for this enhancement was two threatening letters sent to Galvan in prison before he was scheduled to testify at Taylor's re-sentencing, two assaults on Galvan while he was in custody, and an incident at the jail where Taylor allegedly pointed his finger at his eye while passing Galvan to convey the message that Taylor was watching Galvan.

Either sending the letters, ordering the assault on Galvan, or attempting to intimidate Galvan in any way from testifying would qualify as an obstruction of justice. *See* U.S.S.G. § 3C1.1, cmt. 4(a). The only question is whether there was sufficient evidence to connect the letters and/or the assaults on Galvan to Taylor. The letters themselves provide sufficient nexus. The first letter begins by stating that the anonymous author had read the legal papers in Taylor and Fifer's possession, and promises to "spread the word" about Galvan being a "snitch." The second letter focuses on the physical harm that will come to Galvan should he testify against Taylor. The letters demonstrate that the author obtained Taylor and Fifer's legal documents. The second letter specifically warns Galvan about testifying against Taylor, and thus the district court did not clearly err in finding by a preponderance of the evidence that Taylor was sufficiently connected to the letters to warrant an obstruction of justice enhancement.

## III.

██ Taylor argues that even if the obstruction of justice enhancement is af-

---

* This panel unanimously finds this case suitable for decision without oral argument. See

firmed, his case is nonetheless an "extraordinary" case pursuant to U.S.S.G. § 3E1.1, cmt. 4 and therefore he was entitled to a downward adjustment for acceptance of responsibility. However, an extraordinary case is one in which the defendant's obstructive conduct is not "inconsistent" with the defendant's acceptance of responsibility. U.S.S.G. § 3E1.1, cmt. 3. Here, despite Taylor's acceptance of responsibility in his plea agreement, his attempts to intimidate Galvan from testifying at his resentencing were inconsistent with his previous acceptance of responsibility. The district court did not clearly err in rejecting this argument.

AFFIRMED.