**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Norman Eric TAYLOR, aka Robert Lewis; et al., Defendant—Appellant.**

No. 03–30072.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 3, 2004.

Decided June 15, 2005.

Joshua A. Van De Wetering, Esq., USMI—Office of the U.S. Attorney, Missoula, MT, for Plaintiff—Appellee.

Edmund F. Sheehy, Jr., Esq., Helena, MT, for Defendant—Appellant.

Before: TASHIMA, PAEZ, and BEA, Circuit Judges.

MEMORANDUM *

Norman Eric Taylor appeals his sentence of 135 months imposed after he pled guilty to distribution of cocaine and money laundering.[1] On appeal, Taylor challenges his sentence on three grounds: (1) that the district judge erroneously found that Taylor distributed one kilogram of cocaine in addition to the two grams of cocaine base; (2) that the court erroneously enhanced Taylor's sentence for obstruction of justice; and (3) that the district judge erroneously refused to downward depart based on Taylor's acceptance of responsibility.[2]

Following our disposition affirming his sentence, *United States v. Taylor*, 101 Fed. Appx. 207, 2004 WL 1277045 (9th Cir. June 9, 2004), Taylor filed a petition for rehearing en banc arguing that his sentence should be set aside under *Blakely v. Washington*, —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). Taylor contends that his sentence is impermissible under the Sixth Amendment because the drug quantity, as well as the facts underlying the obstruction of justice enhancement, were found by the district judge and his sentence exceeded the sentence permissible based on the facts he admitted.

■ Taylor's sentence presents a Sixth Amendment violation under *United States v. Booker*, —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and *United States v. Ameline*, 409 F.3d 1073 (9th Cir.2005). Under the then-mandatory guidelines, the district court adjusted Taylor's base offense level from 20 to 26 based on the judge's finding that Taylor distributed at least one kilogram of cocaine in addition to the two grams of cocaine base that Taylor does not dispute. *See* U.S.S.G. § 2D1.1(c) (2003). In addition, based on the district judge's findings, the court enhanced the sentence two levels for obstruction of justice under U.S.S.G. § 3C1.1 (2003). Thus, in violation of Taylor's Sixth Amendment rights, Taylor's sentence was enhanced based on facts neither found by a jury nor admitted by the defendant and was imposed under a mandatory system. *See Booker*, 125 S.Ct. at 749–50. We therefore withdraw our original disposition and consider Taylor's sentencing challenge in light of *Booker* and *Ameline*.

■ As in *Ameline*, we are presented with an unpreserved *Booker* error and thus review for plain error. *See Ameline*, 409 F.3d at 1078. However, we are not able to discern from the record "whether the error affected [Taylor]'s substantial rights, that is, whether the outcome of [Taylor]'s sentencing was affected by the erroneous enhancement of [Taylor]'s sentence on the basis of judge-made findings in the mandatory guidelines regime." *Id.* Under *Ameline*, when, as here, "the record is insufficiently clear to conduct a complete plain

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. We previously vacated and remanded Taylor's original sentence because the district court did not apply the proper burden of proof, clear and convincing evidence, in determining the quantity of drugs attributable to Taylor. *See United States v. Taylor*, 42 Fed. Appx. 14, 2002 WL 987381 (9th Cir. May 14, 2002).

2. Taylor does not challenge the district court's imposition of a six month consecutive sentence for criminal contempt. Our disposition, therefore, does not affect that sentence.

error analysis, a limited remand to the district court is appropriate for the purpose of ascertaining whether the sentence imposed would have been materially different had the district court known that the sentencing guidelines were advisory." *Id.* at 1074. Accordingly, we remand to the district court with instructions that the court follow the procedures outlined in *Ameline. See id.* at 1084–85.

REMANDED.