**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Evelyn JIMENEZ, Defendant–
Appellant.**

**No. 01–50597.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 12, 2002.

Filed Aug. 27, 2002.

---

presented, we find only the sentencing challenges to be meritorious. We therefore affirm Jimenez's conviction, vacate her sentence, and remand to the district court for resentencing.

Matthew C. Winter, Federal Defenders of San Diego, San Diego, CA, for defendant-appellant.

Patrick K. O'Toole, United States Attorney, Charles L. Rees, Assistant United States Attorney, U.S. Attorney's Office, San Diego, CA, for plaintiff-appellee.

Before NOONAN, WARDLAW and BERZON, Circuit Judges.

## OPINION

WARDLAW, Circuit Judge.

Evelyn Jimenez appeals her conviction and sentence for importation and possession of marijuana with intent to distribute, in violation of 21 U.S.C. §§ 952, 960, and 841(a)(1). Jimenez's principal contention is that the district court erred by enhancing her sentence pursuant to United States Sentencing Guidelines ("U.S.S.G.") § 3B1.4, for use of a minor to commit a crime, and § 3C1.1, for obstruction of justice. She also argues that *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), rendered 21 U.S.C. §§ 841 and 960 unconstitutional; the district court erred by refusing to admit the notes from Jimenez's interrogation into evidence; and insufficient evidence supported her conviction for importation because she was under official restraint when she entered the United States. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). Of the issues

## I. Background

At 1:45 a.m. on May 8, 2000, Jimenez arrived at the United States–Mexico Border Crossing at San Ysidro, California, driving a pickup truck. Her eleven-year-old son was her passenger in the front seat. During a routine inspection of the truck, the United States Customs Inspector noticed that the screws under the bed of the truck were shiny and new, unlike the rest of the vehicle. A narcotics detector dog alerted to the gas tank, which was filled with 67 pounds of marijuana.

When interviewed, Jimenez told a Customs Special Agent that she had purchased the truck three days earlier and that she and her son had been in Mexicali, Mexico, attending a family Cinco de Mayo party, from which they had left at 10:00 or 11:00 p.m. that night. Initially, she denied knowledge of the marijuana. Later during questioning, however, she confessed that a man had offered her $500 to drive the truck laden with marijuana across the border.

Following jury trial, Jimenez was convicted of importation and possession of marijuana with intent to distribute. The district court decided at sentencing to apply an upward adjustment of two levels under U.S.S.G. § 3B1.4, finding that Jimenez had used her son as "window dressing" to avoid detection of the crime. The court further adjusted upward another two levels under § 3C1.1 for obstruction of justice, for a total of thirty months' imprisonment.

## II. Discussion

### A. Use of a Minor in the Commission of a Crime

■ Jimenez argues that the facts of her case did not support the district court's decision to increase her offense level pursuant to U.S.S.G. § 3B1.4. We review the district court's finding that Jimenez used her minor son to avoid detection for clear error. *United States v. Castro–Hernandez*, 258 F.3d 1057, 1059 (9th Cir. 2001). The finding "must be supported by a preponderance of the evidence; that is, the evidence must establish that the relevant fact is more likely true than not." *Id.* (internal quotation marks omitted).

Sentencing Guideline § 3B1.4 provides:

If the defendant used or attempted to use a person less than eighteen years of age to commit the offense or assist in avoiding detection of, or apprehension for, the offense, increase by 2 levels.

The commentary to the guideline defines "used or attempted to use" as including "directing, commanding, encouraging, intimidating, counseling, training, procuring, recruiting, or soliciting." § 3B1.4 cmt. n. 1 (2001).

■ The evidence must show that "the defendant acted affirmatively to involve the minor" in the crime. *United States v. Parker*, 241 F.3d 1114, 1120 (9th Cir.2001). In *Parker*, for example, we held that although a minor was the defendant's partner in a robbery and the defendant profited from his participation, § 3B1.4 did not apply absent evidence of an affirmative act by the defendant to involve the minor. *Id.* at 1120–21; *cf. United States v. Gonzalez*, 262 F.3d 867, 869–70 (9th Cir.2001) (enhancement applied where defendant made an agreement with a minor that the minor would steal money from defendant's landlord). "If Congress meant to punish persons who committed an offense that in any way *involved* a minor, it would have provided so explicitly instead of employing the 'used or attempted to use' language." *Parker*, 241 F.3d at 1121.

■ We conclude that the district court clearly erred in finding that Jimenez "in essence ... recruited" her son to assist in avoiding detection of her crime because no evidence shows that Jimenez acted affirmatively to involve him. This case is factually quite different from *Castro–Hernandez*, where the defendant's three-year-old son accompanied him in the truck while he smuggled drugs across the border and tried to evade detection. 258 F.3d at 1060. There, § 3B1.4 applied because additional circumstantial evidence showed that the defendant affirmatively acted to involve his son: (1) the son would otherwise have been with the defendant's mother-in-law, who was the regular caregiver for all three of Castro–Hernandez's children during the workday; (2) the defendant did not initially have his son with him, but specifically picked up the child en route to the border even though (3) it would have been just as convenient to pick him up at some other time. *Id.* at 1060–61. We held, therefore, that a preponderance of the evidence supported the district court's finding that the defendant had deliberately used his son to avoid detection. *Id.* at 1061.

The circumstantial evidence supporting the enhancement in *Castro–Hernandez* is not present here. First, Jimenez's son was not normally elsewhere. To the contrary, it was routine for her son to accompany Jimenez on their car trips to visit family in Mexico. The government argues that Jimenez had a day care alternative to taking the son on a long trip that lasted through early morning hours because Jimenez's mother was babysitting her niece's ill children at the niece's home. However, this is irrelevant to Jimenez's routine with her son. No evidence indicated that Jimenez ever left her son at the niece's residence, or that Jimenez's mother ordinarily

had responsibility for him. Furthermore, even if it had been routine for Jimenez to leave her son at the niece's, on this occasion it was natural that she would wish to avoid exposing her son to illness and further burdening her mother with childcare responsibilities.

Nor are the second and third *Castro–Hernandez* circumstances present here. Jimenez's son accompanied her for the duration of the trip; she did not make a special stop to retrieve him just for the border crossing.

■ The only remaining asserted commonality with *Castro–Hernandez* is that Jimenez's son was in the truck as the defendant smuggled drugs across the border. This, however, is precisely what *Castro–Hernandez* deemed an insufficient basis for the enhancement. Absent other evidence, the "mere presence of a minor" is insufficient to support the application of § 3B1.4. *Id.* at 1060.

Thus, the evidence does not show that it was more likely than not that Jimenez brought her son along to use as a decoy. Rather, the testimony supported the explanation that the boy accompanied Jimenez to visit family at their gathering in Mexico for Cinco de Mayo weekend and to provide company on the lengthy drive. Given the son's testimony that he enjoyed their trips to Mexico and was excited about the new truck, it was unlikely that Jimenez needed to "recruit" him to travel with her. Because the government failed to show that Jimenez affirmatively acted to involve her son in the crime, application of the two-level sentencing enhancement under § 3B1.4 was clear error. *See United States v. Howard,* 894 F.2d 1085, 1090 (9th Cir.1990) (government bears the burden of proof when it seeks to raise the offense level).

**B. Obstruction of Justice**

■ Jimenez also contends that the finding of perjury supporting the two-level increase for obstruction of justice under U.S.S.G. § 3C1.1 was inadequate because the court failed to make a finding that her false testimony was material. The district court's determination that Jimenez obstructed justice is a factual finding reviewed for clear error. *United States v. Shannon,* 137 F.3d 1112, 1119 (9th Cir. 1998).

■■ Although, when making a finding of perjury for an obstruction of justice enhancement, it is "preferable for a district court to address each element of the alleged perjury in a separate and clear finding," the Supreme Court has held that it is sufficient if the finding "encompasses all of the factual predicates for a finding of perjury." *United States v. Dunnigan,* 507 U.S. 87, 95, 113 S.Ct. 1111, 122 L.Ed.2d 445 (1993). The factual predicates of perjury are: (1) that the defendant gave false testimony under oath (2) concerning a material matter (3) with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory. *Id.* at 94, 113 S.Ct. 1111.

In *Dunnigan,* the Court held that the following district court finding was sufficient because each of the factual predicates of perjury was covered by the italicized portions:

> The court finds that *the defendant was untruthful at trial with respect to material matters* in this case. [B]y virtue of her failure to give truthful testimony on material matters *that were designed to substantially affect the outcome of the case,* the court concludes that the false testimony at trial warrants an upward adjustment by two levels.

*Id.* at 95, 113 S.Ct. 1111 (emphases in original). Here, Jimenez testified that she

did not know there was marijuana in the gas tank of her truck. The district court applied the § 3C1.1 enhancement, finding:

> [Jimenez] was very clear initially when she spoke with the officers. And then when she took the stand it was really quite the opposite. She denied it. And I do believe that she knowingly lied on the stand.

The court's finding established that Jimenez made a false statement and that she did so willfully. However, unlike in other perjury findings we have upheld as sufficient to support an obstruction of justice enhancement, the court made no specific finding of materiality. *See, e.g., United States v. Oplinger,* 150 F.3d 1061, 1070 (9th Cir.1998) (district court found that the " 'evidence shows that [the defendant] did testify as [sic] a material, relevant issue of fact falsely' "); *United States v. Shannon,* 137 F.3d 1112, 1119 (9th Cir.1998) (district court "found [defendant's] testimony to be false, material and willful"); *United States v. Ancheta,* 38 F.3d 1114, 1118 (9th Cir. 1994) (district court found defendant obstructed justice " 'in providing a materially false statement to a law enforcement officer that significantly obstructed or impeded that officer from the proper prosecution of the case' "); *cf. United States v. Massey,* 48 F.3d 1560, 1573 (10th Cir.1995) (holding that the district court's finding that defendant's "testimony was false" was inadequate because it lacked "necessary findings on materiality and willfulness").

 The requirement that a trial court "make findings to support all the elements of a perjury violation" with "specificity" is a procedural safeguard designed to prevent punishing a defendant for exercising her constitutional right to testify. *See Dunnigan,* 507 U.S. at 96–98, 113 S.Ct. 1111; U.S.S.G. § 3C1.1 cmt. n. 2 (2001) (enhancement "is not intended to punish a defendant for the exercise of a constitutional right" such as a "denial of guilt [ ] other than a denial of guilt under oath that constitutes perjury"). To avoid automatic application of the enhancement "whenever the accused takes the stand and is found guilty," the district courts must meet at least the minimum requirements of *Dunnigan. See Dunnigan,* 507 U.S. at 96–97, 113 S.Ct. 1111. Because the court here did not expressly find that the false testimony was material, its finding of perjury failed to encompass all factual predicates of perjury as required by *Dunnigan.* Thus, the district court clearly erred in applying the obstruction of justice enhancement to Jimenez's sentence.

### C. Other Claims

We have reviewed the remainder of Jimenez's claims and conclude that they are meritless. Her constitutional challenges to 21 U.S.C. §§ 841 and 960 are foreclosed by *United States v. Buckland,* 289 F.3d 558 (9th Cir.2002) (en banc), *cert. denied* —— U.S. ——, 122 S.Ct. 2314, 152 L.Ed.2d 1067 (2002); *United States v. Mendoza–Paz,* 286 F.3d 1104 (9th Cir. 2002); and *United States v. Carranza,* 289 F.3d 634 (9th Cir.2002). Accordingly, we affirm the conviction, vacate the sentence, and remand for resentencing.

**AFFIRMED in part, VACATED in part, and REMANDED.**