UNITED STATES of America,
Plaintiff—Appellee,

v.

Charles Joseph Avestro BECKER, aka
Joey Becker, Defendant—
Appellant.

No. 02–50285.
D.C. No. CR 01–00976 DT.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 9, 2003.

Decided May 16, 2003.

Before PREGERSON, TASHIMA, and CLIFTON, Circuit Judges.

## MEMORANDUM *

Charles Joseph Becker appeals the 60–month sentence imposed by the district court following his conviction by jury on one count of fraud and misuse of visas, in violation of 18 U.S.C. § 1546, and one count of inducing illegal aliens to enter the United States, in violation of 8 U.S.C. § 1324. Appellant contends that the district court applied inappropriate sections of the United States Sentencing Guidelines ("USSG") and erred in applying a four-level adjustment for a managerial role and a two-level increase for obstruction of justice. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and we affirm in part and reverse in part.[1]

We reject Appellant's contention that USSG § 2L1.2, rather than section 2L1.1, should be applied to his conviction under 8 U.S.C. § 1324(a). *See* USSG app. C, amend. 591 (stating that, subject to an exception not applicable here, "the sentencing court must apply the offense guideline referenced in the Statutory Index for the statute of conviction"); USSG app. A (providing that the guideline applicable to a conviction under 8 U.S.C. § 1324(a) is USSG § 2L1.1).

■ Appellant also contends that the district court should have applied USSG § 2L2.2 to the violation of 18 U.S.C. § 1546(a).[2] The Statutory Index provides that, for a conviction under 18 U.S.C. § 1546, the applicable guideline is either USSG § 2L2.1 or 2L2.2. USSG app. A. When Appendix A cites two sections, the sentencing court is to "determine which of the referenced guideline sections is most appropriate for the offense conduct charged in the count of which the defendant was convicted." USSG § 1B1.2, cmt. n. 1. Section 2L2.1, not § 2L2.2, is the most appropriate guideline section. Section 2L2.1 is entitled, in part, "Trafficking in a Document Relating to … a United States Passport; False Statement in respect to the Citizenship or Immigration Status of Another." Because Appellant's conduct involved providing fraudulent documents in order to help *others* obtain United States visas, this section is more appropriate than § 2L2.2, which concerns acquiring such documents *for one's own use.*

We affirm the application of a four-level increase for Appellant's role in the offense pursuant to USSG § 3B1.1(a). Although it is unclear whether the district court relied on the number of participants or on the fact that the criminal activity was "otherwise extensive" in applying the increase, "the district court need not make any specific findings of fact to support an upward adjustment for role." *United States v. Munoz,* 233 F.3d 1117, 1136 (9th Cir.2000). The record clearly supports the finding that the criminal activity was otherwise extensive.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Because the parties are familiar with the facts, we do not recite them here except as necessary to aid in understanding this disposition.

2. Unless the transcript is incorrect, at the sentencing hearing, the district court actually cited USSG § 2L2.2 rather than § 2L2.1 as the guideline section applicable to the conviction under 18 U.S.C. § 1546. It appears that the court merely misspoke because the Presentence Report, which the court was looking at at the time and relied upon in imposing the sentence, applied § 2L2.1. Further, if § 2L2.2 were applied, as Appellant requests, his base offense level would actually be 14 rather than 12. *See* USSG §§ 3D1.2 (providing that a conviction under § 2L2.2 is not to be grouped); 3D1.4 & cmt. n. 2 (explaining how to determine the combined offense level).

We reverse the application of the two-level increase for obstruction of justice only because it is unclear whether the district court relied on Appellant's alleged perjury or on his alleged intimidation of witnesses in applying the enhancement. If the district court relied on Appellant's alleged perjury in applying the obstruction of justice enhancement, it was required to "'make findings to support all the elements of a perjury violation' with 'specificity' [as] a procedural safeguard designed to prevent punishing a defendant for exercising [his] constitutional right to testify." *United States v. Jimenez*, 300 F.3d 1166, 1171 (9th Cir.2002) (quoting *United States v. Dunnigan*, 507 U.S. 87, 97–98, 113 S.Ct. 1111, 122 L.Ed.2d 445 (1993)). The district court must find that the defendant gave testimony that was false, willful, and material. *United States v. Morgan*, 238 F.3d 1180, 1187 (9th Cir.2001), *cert. denied*, 534 U.S. 863, 122 S.Ct. 146, 151 L.Ed.2d 97 (2001). We therefore vacate the sentence and remand in order for the district court to clarify the basis and supporting findings regarding any obstruction of justice enhancement.

AFFIRMED in part, REVERSED and REMANDED in part.