**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Francisco VAZQUEZ–TORRES,**
**Defendant—Appellant.**

No. 03–10206.
D.C. No. CR–01–00821–EHC.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 8, 2004.

Decided March 18, 2004.

Thomas C. Simon, Phoenix, AZ, for Plaintiff–Appellee.

Philip A. Seplow, Esq., Phoenix, AZ, for Defendant–Appellant.

Before FERNANDEZ, HAWKINS, and THOMAS, Circuit Judges.

MEMORANDUM *

Francisco Vazquez–Torres ("Vazquez") appeals his conviction for one count of Conspiracy to Bring Aliens into the United States and his 78–month sentence. We affirm the conviction, but reverse and remand for resentencing.

■ There was sufficient evidence to sustain the conspiracy conviction, including direct testimony by one of the smuggled aliens, Mario Gonzales–Manzano, that Vazquez had paid a smuggling operation to get his group into the United States so that they could work for him. Two federal agents also testified that, when confronted, Vazquez admitted his involvement and that he had used the smuggling organization about ten times over the prior two years. Additional circumstantial evidence also supported the conviction, including phone records of calls from Vazquez's business to a known alien smuggler in Phoenix and money wires from one of Vazquez's foremen to the group in Mexico. Although Vazquez would have us credit his own testimony over the testimony of Mario and the agents, in reviewing sufficiency of the evidence, this court cannot "question a jury's assessment of witnesses' credibility" and must draw all inferences in favor of the prosecution. *United States v. Johnson,* 229 F.3d 891, 894 (9th Cir.2000) (in-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

ternal quotation omitted). As such, the district court properly denied Vazquez's motion for acquittal.

Vazquez also argues that the jury returned inconsistent verdicts by convicting him of the conspiracy but acquitting him of the second count, Inducing Aliens to Enter the United States. To begin with, the two counts are similar but not identical; a rational jury could have found that Vazquez was involved in a conspiracy to bring aliens into the United States, but that he did not "encourage or induce" the aliens to enter the United States, especially given Mario's testimony that he initiated contact with Vazquez. *Compare* 8 U.S.C. § 1324(a)(1)(A)(i) *with* 8 U.S.C. § 1324(a)(1)(A)(iv). In any event, even assuming the verdicts are inconsistent, reversal is not required. *See United States v. Hart,* 963 F.2d 1278, 1281–82 (9th Cir. 1992).

■ The district court did not abuse its discretion by precluding Vazquez from introducing the testimony of attorneys who filed a civil lawsuit on behalf of the aliens or by precluding recall of the alien witnesses to question them about the suit. Although relevant impeachment evidence, the district court was duly concerned about the potential to confuse the jury and develop a mini-trial on an ancillary issue. Furthermore, Vazquez cannot show that he was prejudiced by the alleged error, as the parties agreed to a stipulation regarding the existence of the lawsuit, which was read to the jury.

The district court did not plainly err by permitting Mario to testify regarding statements made by the smuggler, El Negro, which implicated Vazquez. A statement by a co-conspirator during the course of and in furtherance of the conspiracy is not considered hearsay. Fed.R.Evid. 801(d)(2)(E). It was also not plain error for the court to permit Mario to testify

that all the individuals he worked with at Vazquez Harvesting were illegally in the United States. On its face, the statement is not hearsay, as Mario appears to be asserting his personal knowledge of the fact and does not reference an out-of-court statement made by someone else. *See* Fed.R.Evid. 801(c).

■ Accordingly, we affirm Vazquez's conviction. His sentence, however, must be reversed. The district court imposed a four-level adjustment for Vazquez's role in the offense. The record, however, is devoid of any facts suggesting Vazquez was a leader or organizer of the alien smuggling conspiracy. There is no indication that Vazquez exercised decision-making authority, recruited accomplices, planned or organized the actual smuggling of Mario's group into the United States, or exercised any control or authority over others involved in the conspiracy. *See United States v. Avila,* 95 F.3d 887, 889–90 (9th Cir.1996). The district court's own oral findings at sentencing seem to focus on Vazquez's role in the operation of his own citrus farm, and not the alien smuggling operation. The testimony at trial depicted Vazquez as a "consumer" of the alien smuggling operation, who paid the smugglers and relayed information provided by them to Mario in Mexico. These facts simply do not support a leader/organizer adjustment. *See id.* at 891–92.

On remand, the district court should also clarify its findings with respect to the obstruction of justice adjustment. The district court found that Vazquez testified falsely before the magistrate judge about his ability to pay an attorney, and again at trial by contradicting the testimony of the federal agents about the contents of his confession. The Supreme Court, however, has indicated that with respect to the obstruction of justice adjustment, "it is preferable for a district court to address each

element of the alleged perjury in a separate and clear finding." *United States v. Dunnigan,* 507 U.S. 87, 95, 113 S.Ct. 1111, 122 L.Ed.2d 445 (1993). The required findings are false testimony, on a material matter, with willful intent. *Id.* at 94, 113 S.Ct. 1111. Although the district court made a finding of false testimony, it did not make any express findings that the testimony was material or willful. *See United States v. Jimenez,* 300 F.3d 1166, 1171 (9th Cir.2002). Therefore, at resentencing, the district court should make express findings with respect to these elements to support the adjustment.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED FOR RESENTENCING.