UNITED STATES of America,
Plaintiff—Appellee,

v.

Jose Roberto MONREAL–MIRANDA,
Defendant—Appellant.

United States of America,
Plaintiff—Appellee,

v.

Gilardo Vidaurrazaga–Flores,
Defendant—Appellant.

Nos. 03–10303, 03–10413.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 14, 2004.

Decided June 3, 2004.

Before: REINHARDT, MCKEOWN, and PAEZ, Circuit Judges.

MEMORANDUM *

In these related appeals, Jose Monreal–Miranda ("Monreal–Miranda") and Gildardo Vidaurrazaga–Flores ("Vidaurrazaga–Flores") challenge separate aspects of their convictions relating to harboring and transporting illegal aliens. Monreal–Miranda also raises an objection to a sentence enhancement for obstructing justice pursuant to U.S.S.G. § 3C1.1. We have jurisdiction under 28 U.S.C. § 1291. We affirm Monreal–Miranda's and Vidaurrazaga–Flores' convictions, but vacate and remand Monreal–Miranda's sentence.

I.

 First, Monreal–Miranda contends that there was insufficient evidence to support his conviction on Counts 1 through 5.[1] We review *de novo* a claim for insufficiency of the evidence. *See United States v. Carranza*, 289 F.3d 634, 641 (9th Cir.2002), *cert. denied*, 537 U.S. 1037, 123 S.Ct. 572, 154 L.Ed.2d 458 (2002).[2] There is suffi-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. The jury convicted Monreal–Miranda of Conspiracy to Transport and Harbor Illegal Aliens in violation of 8 U.S.C. §§ 1324(a)(1)(A)(ii), 1324(a)(1)(A)(iii), 1324(a)(1)(A)(v)(I) and 1324(a)(1)(B)(I) (Count 1); Aiding and Abetting Transportation of Illegal Aliens in violation of 8 U.S.C. §§ 1324(a)(1)(A)(ii), 1324(a)(1)(A)(v)(II) and 1324(a)(1)(B)(ii) (Counts 2 and 3); and Harboring Illegal Aliens in violation of 8 U.S.C.

§§ 1324(a)(1)(A)(iii) and 1324(a)(1)(B)(ii) (Counts 4 and 5).

2. The government argues that we should review this claim for plain error because Monreal–Miranda did not renew his motion for judgment of acquittal under Fed.R.Crim.P. 29 at the close of trial. While the docket sheet indicates that the Rule 29 motion was renewed at the end of trial, the trial transcript is ambiguous as to whether the motion was actually renewed. We need not resolve this ambiguity, however, because Monreal–Miranda's claim fails even assuming a properly preserved motion.

cient evidence to support a conviction if, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Id.*

Viewing the evidence in the light most favorable to the government, there was sufficient evidence presented at trial to support the jury's verdict on Counts 1 through 5. The evidence established that on September 4, 2002, Monreal–Miranda picked up the illegal aliens when they were dropped off in Nogales, Arizona. He drove the illegal aliens to a Motel 6 and rented, in cash, Room 228 where the illegal aliens spent the night, and listed himself as the guest. Later that day, he brought the illegal aliens lunch.

On the morning of September 5, 2002, the white Mercury Sable containing Monreal–Miranda and the white Dodge Caravan, which was intended to transport the illegal aliens to Phoenix, arrived at the Motel 6 at the same time. Monreal–Miranda went to Room 228 and two minutes later he left Room 228 followed by four illegal aliens. Arturo De Alba–Vargas, one of the illegal aliens, testified that Monreal–Miranda told him to lie down once he got inside the Dodge Caravan. Agent Flores testified that Monreal–Miranda stood near the rear of the van and looked around as the aliens entered the van. When the van carrying the illegal aliens left the motel, Monreal–Miranda was the passenger in the Sable that followed the van. On the basis of this evidence, a rational jury could find Monreal–Miranda guilty of Counts 1 through 5.

Nonetheless, Monreal–Miranda argues that there was insufficient evidence because the evidence showed only that he was an unwitting participant in the conspiracy, and therefore lacked the required mens rea for any of the charges. This argument fails because Monreal–Miranda's conduct in loading the aliens into the van, specifically his telling the aliens to lie down, as testified to by De Alba–Vargas, is inconsistent with this claim.

## II.

■ Next, Monreal–Miranda contends that the district court erred in enhancing his sentence by two-levels under U.S.S.G. § 3C1.1. We review the district court's finding that Monreal–Miranda obstructed justice for clear error. *See United States v. Jimenez,* 300 F.3d 1166, 1170 (9th Cir. 2002). We vacate the district court's imposition of a two-level obstruction of justice enhancement under U.S.S.G. § 3C1.1 because it is unclear whether the district court applied the enhancement because of Monreal–Miranda's perjury at trial, or his obstruction of the investigation before trial.

Although we can affirm an erroneous legal conclusion if it is nonetheless supported by the record, here it is unclear what legal conclusion the district court relied upon to impose the enhancement. An obstruction enhancement can be based on either impeding an investigation or committing perjury at trial. *See* U.S.S.G. § 3C1.1, cmt. n. 4. In determining that the enhancement was warranted, the district court made reference to both "statements at trial" and the defendant's statements "at other times."

If the basis for applying the enhancement was perjury, then the district court's findings were inadequate because the court's ruling did not "encompass[ ] all of the factual predicates for a finding of perjury." *United States v. Dunnigan,* 507 U.S. 87, 95, 113 S.Ct. 1111, 122 L.Ed.2d 445 (1993). In applying § 3C1.1 on the basis of perjury, it is clear error for the district court to fail to make a finding with

regard to each element of perjury on the record. *See Jimenez,* 300 F.3d at 1171. The elements of perjury that must be addressed in applying § 3C1.1 to satisfy the *Dunnigan* standard are: "(1) that the defendant gave false testimony under oath (2) concerning a material matter (3) with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory." *Jimenez,* 300 F.3d at 1170 (citing *Dunnigan* ). Here, the district court failed to find both that the statements were made wilfully, and not as a result of mistake, as well as that the statements were material. Thus, we vacate Monreal–Miranda's sentence and remand for resentencing so the district court can clarify its ruling.

### III.

■ We review Vidaurrazaga–Flores' claim that the district court failed to conduct a more thorough inquiry into allegations that a juror was sleeping for abuse of discretion. *See United States v. Barrett,* 703 F.2d 1076, 1083 (9th Cir.1983). We affirm Vidaurrazaga–Flores' conviction because the district court did not abuse its discretion in not questioning Juror Potvin or otherwise conducting a more thorough investigation into allegations of Juror Sowell sleeping. After having been informed that several jurors allegedly had been sleeping, the district court observed the jurors who had been brought to its attention. The district court, outside the presence of other jurors, directly questioned Juror Whitney, who admitted that he had been sleeping. The district court dismissed Whitney on the basis of this admission.

The district court also questioned Juror Sowell, who stated that she had not been asleep. Although the court's inquiry of Sowell may have been brief, before ending the inquiry of her, the court asked both the government and defense counsel if they had any further questions they would like asked of Sowell. Both defense counsel and the government stated that there were no more questions they wanted the court to ask.

At the time the court declined to question Juror Potvin regarding her observations of Juror Sowell, it had learned the following. Juror Sowell denied that she had ever been asleep. Government counsel stated that he had seen Sowell close her eyes, but then "immediately" open them and begin to take notes, and that he did not know whether Sowell was nodding off or just closing her eyes. However, counsel for Vidaurrazaga–Flores and Monreal–Miranda stated that they believed they had observed Sowell sleeping. The district court could have reasonably relied on the above information to deny Vidaurrazaga–Flores' request that the court question Juror Potvin. Under these circumstances, the court's ruling was not an abuse of the district court's "considerable discretion" in this area.[3] *Barrett,* 703 F.2d at 1083.

Appeal No. 03–10303: **AFFIRMED** in part; **VACATED** in part and **REMANDED** for resentencing.

Appeal No. 03–10413: **AFFIRMED**.

---

**3.** Vidaurrazaga–Flores argues that *Barrett* actually supports his argument. *Barrett,* however, is inapposite because there the juror came forward and volunteered that he had been sleeping, but the judge declined to interview the juror and stated, inexplicably, "there was no juror asleep during this trial." *Id.* at 1082. We held that "under the particular circumstances of this case" failing to conduct a further inquiry was an abuse of the district court's discretion. *Id.* at 1083. Here, there was a limited inquiry, and Juror Sowell categorically denied sleeping.