**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jose Ramon GRACIANO–CABANILLA,**
**aka Jose Ramon Graciano,**
**Defendant–Appellant.**

**United States of America,**
**Plaintiff–Appellant,**

v.

**Jose Ramon Graciano–Cabanilla,**
**aka Jose Ramon Graciano,**
**Defendant–Appellee.**

Nos. 03–50196, 03–50225.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 4, 2004.

Decided Oct. 26, 2004.

Before: PREGERSON, TASHIMA, and PAEZ, Circuit Judges.

MEMORANDUM *

Jose Ramon Graciano–Cabanilla appeals his conviction for (1) conspiracy to possess

---

* This disposition is not appropriate for publication and may not be cited to or by the courts

with intent to distribute marijuana and to distribute marijuana and (2) possession with intent to distribute marijuana. He contends that the pay/owe ledger, which was seized from an alleged co-conspirator, was hearsay and that the district court erred in admitting it. The government cross-appeals the district court's sentence arguing that the court erred by failing to impose the obstruction of justice sentencing enhancement under § 3C1.1 of the United States Sentencing Guidelines (U.S.S.G.). We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(b) and affirm the conviction and the sentence.

## I.

Graciano–Cabanilla contends that the pay/owe drug ledger was inadmissible hearsay under Rule 802 of the Federal Rules of Evidence. We disagree.[1]

■ "A statement is not hearsay if ... [t]he statement is offered against a party and is ... a statement by a coconspirator of a party during the course and in furtherance of the conspiracy." Fed.R.Evid. 801(d)(2)(E). In order to admit a co-conspirator statement for the truth of its contents, the court must find that the preliminary questions concerning admissibility are established by a preponderance of the evidence. Fed.R.Evid. 104(a); *Bourjaily v. United States*, 483 U.S. 171, 176, 107 S.Ct. 2775, 97 L.Ed.2d 144 (1987).

For a pay/owe ledger to be admissible as a co-conspirator statement, the government must show by a preponderance of the evidence (1) that a conspiracy existed; (2) that the author of the ledger and the party against whom they were offered were members of the conspiracy; (3) that the ledger was made in furtherance of the conspiracy; and (4) that the ledger was made during the conspiracy. *United States v. Gil*, 58 F.3d 1414, 1420 (9th Cir. 1995).

Here, the district court found that a conspiracy existed. In light of the evidence presented by the government, the district court did not clearly err in concluding that it was more likely than not that the coordinated efforts to obtain, unload, and deliver a large amount of marijuana were part of a conspiracy to possess and distribute the marijuana.

Second, although we have concluded that the possession of a drug ledger is not tantamount to an adoption of its contents, *United States v. Mouzin*, 785 F.2d 682, 692 (9th Cir.1986), the district court did not clearly err in concluding that the evidence sufficiently established that the alleged coconspirator, Arriaga, from whom the ledger was seized, was the author of the ledger and that both Arriaga and Graciano–Cabanilla were members of the conspiracy.

Finally, the district court did not clearly err in concluding that the drug ledger, which documented the author's drug transactions with Graciano–Cabanilla and others at the time of the conspiracy, furthered the conspiracy. *See United States v. Smith*, 893 F.2d 1573, 1578 (9th Cir.1990); *United States v. Valles–Valencia*, 811 F.2d 1232, 1237–38 (9th Cir.1987).

Having determined the existence of the necessary preliminary facts, the district court's decision to admit the drug ledger pursuant to Rule 801(d)(2)(E) was not an

---

of this circuit except as provided by Ninth Circuit Rule 36–3.

1. We review the district court's decision to admit co-conspirator statements for abuse of discretion. *United States v. Bowman*, 215 F.3d 951, 960 (9th Cir.2000). The underlying

factual determinations that the conspiracy existed and that the statements were made in furtherance of a conspiracy are reviewed for clear error. *United States v. Torres*, 908 F.2d 1417, 1425 (9th Cir.1990); *United States v. Gil*, 58 F.3d 1414, 1419 (9th Cir.1995).

abuse of discretion. Accordingly, we affirm the conviction.

## II.

■ In its cross-appeal, the government argues that the district court erred by failing to impose a two-level enhancement pursuant to U.S.S.G. § 3C1.1 for obstruction of justice. The government contends that the district court's statements at the sentencing hearing constituted a finding that Graciano–Cabanilla committed perjury while testifying and that the court erred in concluding that it had the discretion to refuse to impose the enhancement under § 3C1.1. We review *de novo* the district court's legal interpretation and application of the Sentencing Guidelines. *United States v. Nielson*, 371 F.3d 574, 582 (9th Cir.2004). We review a court's finding of obstruction of justice for clear error. *See United States v. Jimenez*, 300 F.3d 1166, 1170 (9th Cir.2002).

Under U.S.S.G. § 3C1.1, a sentencing court is instructed to increase the offense level by two levels "[i]f (A) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the course of the investigation, prosecution, or sentencing of the instant offense of conviction, and (B) the obstructive conduct related to (i) the defendant's offense of conviction and any relevant conduct; or (ii) a closely related offense...." U.S.S.G. § 3C1.1.

The commission of perjury while testifying constitutes obstruction of justice within the meaning of U.S.S.G. § 3C1.1. *United States v. Dunnigan*, 507 U.S. 87, 113 S.Ct. 1111, 122 L.Ed.2d 445 (1993). Perjury is defined as "giv[ing] false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory." *Id.* at 94, 113 S.Ct. 1111. In determining whether the obstruction of justice enhancement applies, "[a] district court must review the evidence and make independent findings necessary to establish a willful impediment to or obstruction of justice, or an attempt to do the same, under the perjury definition [the Court] has set out." *Id.* at 96, 113 S.Ct. 1111.

As we understand the district court's statements at the sentencing hearing, the court found that although Graciano–Cabanilla at times testified untruthfully, he did not commit perjury. We have carefully reviewed the entire record, and we can not say that the district court's ultimate conclusion was clearly erroneous. Accordingly, without a finding of perjury, the obstruction of justice enhancement under § 3C1.1 did not apply and the district court did not err in failing to enhance Graciano–Cabanilla's sentence.

Appeal No. 03–50196: AFFIRMED.

Appeal No. 03–50225: AFFIRMED.