UNITED STATES of America,
Plaintiff—Appellee,

v.

Patricia MEJIA–BELLOSO,
Defendant—Appellant.

No. 05–50400.

United States Court of Appeals,
Ninth Circuit.

Submitted March 7, 2006.[*]

Decided March 27, 2006.

---

[*] This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Bruce Smith, AUSA, USSD—Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Elizabeth M. Barros, FPD, FDSD— Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: THOMAS and TALLMAN, Circuit Judges, and FITZGERALD,** District Judge.

## MEMORANDUM ***

■ Patricia Mejia–Belloso appeals her conviction for violation of 21 U.S.C. §§ 952, 960, and 841(a)(1) and prison sentence of twenty-seven months followed by three years of supervised release.

Mejia appeals the district court's refusal to allow into evidence a Mexican newspaper article reporting the subsequent arrest of her boyfriend several months following her arrest, when he was caught in a mobile methamphetamine laboratory. It was not an abuse of discretion for the district court to refuse to admit the evidence. *See United States v. Vaandering,* 50 F.3d 696, 704 (9th Cir.1995).

■ Mejia also appeals the district court's upward adjustment to her sentence for obstruction of justice under § 3C1.1 of the United States Sentencing Guidelines.

To support a finding that Mejia committed perjury, the record must show that she provided "false testimony concerning a material matter with the willful intent to provide false testimony." *United States v. Dunnigan,* 507 U.S. 87, 94, 113 S.Ct. 1111, 122 L.Ed.2d 445 (1993) (citations omitted). In making a finding of perjury, the district court must, at a minimum, make "a finding of an obstruction of, or impediment to, justice that encompasses all of the factual predicates for a finding of perjury." *United States v. Cordova Barajas,* 360 F.3d 1037, 1043 (9th Cir.2004) (quoting *Dunnigan,* 507 U.S. at 95, 113 S.Ct. 1111). Here, the district court did not make a finding, either expressly or by implication, on the elements of perjury. Because the district court did not expressly find that Mejia's false testimony was either material or willful, "its finding of perjury failed to encompass all factual predicates of perjury as required by *Dunnigan.*" *United States v. Jimenez,* 300 F.3d 1166, 1171 (9th Cir. 2002). Thus, the district court erred in applying the obstruction of justice enhancement to Mejia's sentence. *See id.*

The conviction is AFFIRMED. The sentence is VACATED, and the case is REMANDED for re-sentencing.

---

** The Honorable James M. Fitzgerald, Senior United States District Judge for the District of Alaska, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.