**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Alberto TERRIQUEZ–FLORES, Defendant—Appellant.**

**No. 05–50417.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 8, 2006.

Filed June 28, 2006.

Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Holly Sullivan, Esq., Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: REINHARDT and TROTT, Circuit Judges, and ROBART,* District Judge.

## MEMORANDUM **

Alberto Terriquez–Flores appeals his conviction and corresponding sentence for

---

* The Honorable James L. Robart, United States District Judge for the Western District of Washington, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

violating 21 U.S.C. §§ 952 and 960, importation of marijuana, and 21 U.S.C. § 841(a)(1), possession of marijuana with the intent to distribute. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm the conviction but vacate the sentence and remand the case back to the district court for resentencing.

Terriquez–Flores contests the admission of the Mexican vehicle registration and the gasoline receipts found in his vehicle. We need not decide whether the district court abused its discretion in admitting these documents. If any error occurred, it was non-prejudicial because the defendant later testified that the vehicle was registered in his name, that the registration placed in evidence by the government was authentic, and that the gas receipts were an accurate reflection of gasoline purchases he made during a prior trip to California. *See Nye & Nissen v. United States,* 168 F.2d 846, 856 (9th Cir.1948).

There was no *Brady* violation. Agent Tracy's secondary report, dated February 7, 2005, was given to Terriquez–Flores during the lunch recess on the first full day of trial, February 8, 2005. At this time, the government had not yet rested and Agent Tracy had only just finished testifying. The report could have been used by Terriquez–Flores during the trial. Thus, any delay in the disclosure of the report did not prejudice Terriquez–Flores's preparation or presentation of his defense such that he was prevented from receiving a fair trial. *United States v. Gordon,* 844 F.2d 1397, 1403 (9th Cir.1988).

The district court properly exercised its discretion to neutralize any potential bias in the jury exhibit requests and questions. A trial judge enjoys "wide discretion" in responding to questions from members of the jury. *Arizona v. Johnson,*

351 F.3d 988, 994 (9th Cir.2003), *cert. denied,* 543 U.S. 836, 125 S.Ct. 254, 160 L.Ed.2d 57 (2004). Here, the trial judge properly used his discretion to neutralize biases inherent in the jury questions and requests.

With regard to Terriquez–Flores's sentence, the district court did not clearly err by denying Terriquez–Flores the minor role adjustment to his sentence. Based on evidence in the record, the district court judge determined that Terriquez–Flores's role was not minor. The trial court did, however, err by imposing an obstruction enhancement because it failed to make an explicit finding that Terriquez–Flores's false testimony was material. *See United States v. Jimenez,* 300 F.3d 1166, 1171 (9th Cir.2002). Consequently, we remand the case for resentencing.

Conviction AFFIRMED; sentence VACATED and REMANDED.

REINHARDT, Circuit Judge, concurring in part and dissenting in part:

I concur with the majority's resolution of the defendant's claims with the exception of its conclusion that the district court did not err in denying Terriquez–Flores a minor role adjustment to his sentence. The district judge did not determine that Terriquez–Flores' role in a larger drug trafficking scheme was not minor, nor did he conclude that Terriquez–Flores was not a part of such a scheme. Instead, he made clear that he refused to consider granting a minor role adjustment in cases such as the one before us—notwithstanding the fact that such an adjustment is authorized under section 3B1.2 of the Sentencing Guidelines—because he simply disagreed with the Guidelines' authorization of the reduction. In doing so, he erred. *See United States v. Webster,* 996 F.2d 209, 211 (9th Cir.1993).

Even after the Sentencing Guidelines were made non-mandatory by *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), a district judge is not free to disregard one of the Guidelines merely because he disagrees with it. *See United States v. Menyweather,* 447 F.3d 625 (9th Cir.2006); *United States v. Kimbrew,* 406 F.3d 1149, 1152 (9th Cir.2005). Accordingly, I would hold that the district judge erred by refusing to consider granting the minor role adjustment to appellant and would remand for resentencing in that respect as well.