**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**HOANG KIM VO, Defendant–**
**Appellant.**

No. 05–30498.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 8, 2007.

Filed June 6, 2007.

Rehearing Granted, Opinion Withdrawn
Nov. 2, 2007.

Michael Filipovic, Esq., FPDWA—Federal Public Defender's Office Western District of Washington, Seattle, WA, for Defendant–Appellant.

Before: BRUNETTI, McKEOWN, and W. FLETCHER, Circuit Judges.

MEMORANDUM *

Hoang Kim Vo appeals the 90–month sentence imposed following her guilty plea to one count of conspiracy to import ecstasy in violation of 21 U.S.C. §§ 952(a), 960(b)(3), and 963. We affirm.

■ First, there was no impropriety in the Government's decision not to file a motion for a three-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(b).[1] Vo's written plea agreement required no such motion and expressly permitted the Government to reassess Vo's acceptance of responsibility at sentencing based on her post-plea conduct. The Government's decision not to file the motion based on Vo's false statements in her proffers to the Government and in her testimony during her husband's trials was not arbitrary, made in bad faith, or based on an unconstitutional motive. *See United States v. Espinoza–Cano,* 456 F.3d 1126, 1136 (9th Cir.2006); *United States v. Murphy,* 65 F.3d 758, 762 (9th Cir.1995).

Second, given the district court's detailed analysis of Vo's relevant conduct, we find no clear error in the finding that Vo was more than a "minor" participant for

David Reese Jennings, Esq., USTA—Office of the U.S. Attorney, Tacoma, WA, for Plaintiff–Appellee.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Vo was sentenced under the Guidelines in effect on November 2004.

purposes of denying a two-level reduction under U.S.S.G. § 3B1.2(b). Nor do the district court's findings contain any inherent contradictions or reveal any erroneous narrowing of the relevant class of comparable participants, unlike *United States v. Rojas–Millan,* 234 F.3d 464, 472 (9th Cir. 2000).

Third, the district court's findings that Vo testified falsely during her proffers to the government and her testimony at her husband's trials were sufficient to disqualify Vo for the safety valve under U.S.S.G. § 5C1.2(a)(5) and, consequently, to deny a two-level reduction under § 2D1.1(b)(7).

Finally, even assuming the district court erred in applying a two-level enhancement for obstruction of justice under U.S.S.G. § 3C1.1 because it formally addressed only one of the three elements of perjury, *see United States v. Jimenez,* 300 F.3d 1166, 1170 (9th Cir.2002), we affirm nonetheless. Despite this lone error in determining the applicable Guidelines range, on remand the district court undoubtedly would again exercise its discretion by imposing the same 90–month sentence, which is still far below the applicable range. The claimed error is therefore harmless and immaterial. *See United States v. Menyweather,* 447 F.3d 625, 634 (9th Cir.2006)(as amended); *United States v. Cantrell,* 433 F.3d 1269, 1280 & n. 4 (9th Cir.2006).

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable James L. Robart, United States District Judge for the Western District of Washington, sitting by designation.