**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Juan Carlos MARTINEZ–AVINA,
Defendant–Appellant.**

No. 06–50332.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 8, 2007.

Filed June 19, 2007.

Carl E.G. Arnold, USSD–Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Timothy R. Garrison, FDSD–Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: KLEINFELD and PAEZ, Circuit Judges, and HART *, District Judge.

* The Honorable William T. Hart, United States Senior District Judge for the Northern District of Illinois, sitting by designation.

MEMORANDUM **

Defendant Juan Carlos Martinez–Avina was stopped at a border crossing and found to have marijuana hidden in the car he was driving. Following a jury trial, Defendant was convicted on both counts of the indictment: (a) importing marijuana in violation of 21 U.S.C. § 952 and § 960 and (b) possession of marijuana with the intent to distribute in violation of 21 U.S.C. § 841(a)(1). Defendant was sentenced to 27 months' incarceration to be followed by three years' supervised release.

■■■■ Defendant contends evidence of the structure and *modus operandi* of drug transactions were improperly admitted. He complains of references to courier and load vehicles, as well as testimony regarding car keys and an air freshener. He also argues that a Government attorney engaged in improper "vouching" and that the district judge erred in the imposition of sentence.

The purported structure evidence in this case is distinguishable from the evidence at issue in *United States v. Vallejo*, 237 F.3d 1008, 1016–17, *as amended*, 246 F.3d 1150 (9th Cir.2001), and *United States v. Pineda–Torres*, 287 F.3d 860, 863–66 (9th Cir.2002). Here, no separate witness testified as an expert describing how narcotics organizations generally function. Testimony of a DEA agent and questions to Defendant that involved the terms "courier," "trafficker," "load," and variations of these terms, but no explanation of the terms, did not constitute evidence of the structure of narcotics organizations.

A customs officer testified that most "load vehicles" only contain one or two keys because most "drivers" of the vehicles are not the owners and therefore do not have house keys or other keys on the key ring. As to the significance of the air freshener, she testified that most "loaded vehicles" had air freshener to mask the odors of the drugs. Although Defendant attempts to characterize this evidence as structure evidence, it is not. This is not the type of *modus operandi* evidence that explains how a narcotics structure operates and therefore implies that the Defendant is part of a large organization. *See United States v. Murillo*, 255 F.3d 1169, 1177 (9th Cir.2001), *overruled on other grounds, United States v. Mendez*, 476 F.3d 1077 (9th Cir.), *cert. denied*, —— U.S. ——, 127 S.Ct. 2277, 167 L.Ed.2d 1112 (2007). Defendant, however, is correct in characterizing the customs officer's testimony as expert testimony that the keys and air freshener matched a drug courier profile. Accordingly, the district court correctly found that the evidence should not have been admitted. Because there was no dispute at trial that Defendant was driving a vehicle containing marijuana and other evidence demonstrated Defendant's knowledge of the marijuana in the vehicle, the court also correctly concluded that the admission of the evidence was harmless.

■■■■ The Government attempted a redirect examination with respect to an investigation report inconsistency, but two objections of vouching were sustained. The court subsequently denied a mistrial, finding no harm to Defendant in light of the curative instruction given and the fact that the Government was chastised in front of the jury.

"Vouching consists of placing the prestige of the government behind a witness through personal assurances of the witness's veracity, or suggesting that informa-

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

tion not presented to the jury supports the witness's testimony." *United States v. Weatherspoon,* 410 F.3d 1142, 1146 (9th Cir.2005) (quoting *United States v. Necoechea,* 986 F.2d 1273, 1276 (9th Cir.1993)). The questions and responses here did not constitute vouching. The questions did not ask whether the witness was being truthful with the prosecutor himself, nor did the questions reference out-of-court statements that the witness may have made to the prosecutor during an interview or preparation for trial.

Defendant also contends that, even if the errors are not individually a basis for reversal, the cumulative effect of the errors supports reversal. Even if the court's trial rulings were erroneous, none of them was particularly prejudicial, either separately or when considered together. Defendant does not present sufficient grounds to vacate his conviction.

■ Pursuant to U.S.S.G. § 3C1.1 (2005), the district court enhanced Defendant's offense level by two for obstruction of justice. Factual determinations under the Sentencing Guidelines are reviewed for clear error and the district court's characterization of conduct as obstruction of justice is reviewed *de novo. United States v. Cordova Barajas,* 360 F.3d 1037, 1043 (9th Cir.2004) (quoting *United States v. Shetty,* 130 F.3d 1324, 1333 (9th Cir.1997)). The district court applied the enhancement based on Defendant's testimony at trial contradicting his confession. Defendant contends a remand is necessary because the district court did not expressly find that this testimony was material. There is no contention that there was insufficient evidence to support such a finding, only that the court did not expressly state such a finding.

The district court found that Defendant's testimony that he did not have knowledge of the marijuana was a false statement and that it went to a "critical element" of the offense. The court also noted that Defendant's knowledge was the only element in dispute. That is a sufficient finding of materiality. *See Cordova Barajas,* 360 F.3d at 1043–44; *United States v. Jimenez,* 300 F.3d 1166, 1170–71 (9th Cir.2002). Since the court made a finding as to materiality, the enhancement was properly applied.

■ Defendant requested a two-level reduction under the Guidelines "safety valve" provision. *See* U.S.S.G. § 2D1.1(b)(7) (2005). For drug offenses, this provision provides for a two-level reduction if a defendant satisfies the five criteria set forth in U.S.S.G. § 5C1.2(a) (2005). The district court found that four of the criteria were satisfied, but that Defendant did not satisfy § 5C1.2(a)(5) which requires that a defendant truthfully provide the Government, by the time of sentencing, with all information and evidence the defendant has concerning the offense.

The court's factual findings are reviewed for clear error and its interpretation and application of the Guideline provision is reviewed *de novo. United States v. Feingold,* 454 F.3d 1001, 1014 (9th Cir.), *cert. denied,* —— U.S. ——, 127 S.Ct. 695, 166 L.Ed.2d 540 (2006); *United States v. Real–Hernandez,* 90 F.3d 356, 360 (9th Cir.1996). The court found that Defendant did not disclose all the information he knew about the offense. *See United States v. Mejia–Pimental,* 477 F.3d 1100, 1103–4 (9th Cir.2007). Upon careful review of the record, we conclude that the district court's finding was not clearly erroneous. Accordingly, we affirm the court's denial of safety valve relief.

Last, Defendant complains that, in imposing his sentence, the district court failed to adequately consider the factors under 18 U.S.C. § 3553(a). Defendant

contends that the court instead essentially treated the Sentencing Guidelines as presumptively correct. The Government contends the court treated the Guidelines as advisory and gave adequate consideration to the § 3553(a) factors.

Because the district court's sentencing determination may be affected by the Supreme Court's decision in *United States v. Rita,* 177 Fed.Appx. 357 (4th Cir.), *cert. granted in part,* — U.S. ——, 127 S.Ct. 551, 166 L.Ed.2d 406 (2006), we sever this issue and defer consideration of Defendant's sentencing challenge pending that decision.

CONVICTION AFFIRMED. ISSUANCE of MANDATE STAYED pending resolution of Defendant's sentencing challenges in a separate disposition.

