**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-30267 |
| Plaintiff - Appellee, | D.C. No. 3:11-cr-05377-BHS-1 |
| v. | |
| ANN LOUISE LUDWIG, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Argued and Submitted July 9, 2013
Seattle, Washington

Before: M. SMITH and N.R. SMITH, Circuit Judges, and WALTER, Senior
District Judge.[**]

1. Ludwig argues the district court erred by admitting evidence of her poor

financial condition and by permitting the government to argue that her financial

condition gave her a motive to embezzle. We reject both arguments.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Donald E. Walter, Senior District Judge for the U.S.
District Court for the Western District of Louisiana, sitting by designation.

First, we review evidentiary decisions for abuse of discretion, *United States v. Alvarez,* 358 F.3d 1194, 1205 (9th Cir. 2004), and will reverse only if the error more likely than not affected the verdict. *See United States v. Pang*, 362 F.3d 1187, 1192 (9th Cir. 2004). Evidence of a defendant's financial condition is admissible (1) to show "an unexplained, abrupt change in circumstances," or (2) if it is "accompanied by evidence of a specific and immediate financial need." *United States v. Bensimon*, 172 F.3d 1121, 1129 (9th Cir. 1999) (internal quotation marks omitted). However, it is not admissible to prove motive. *See United States v. Mitchell*, 172 F.3d 1104, 1108-09 (9th Cir. 1999).

Here, the district court admitted the evidence of Ludwig's financial circumstances for the specific limited purpose of "demonstrating the source of cash for the payment of [Ludwig's] bills." Evidence of Ludwig's impecunity was probative of "an unexplained, abrupt change in circumstances," *Bensimon*, 172 F.3d at 1129, given Ludwig's prior inability to make current payments. Ludwig has provided no grounds for concluding that the district court considered the evidence for any impermissible purpose.

Moreover, even assuming that the evidence was improperly admitted, we cannot say that, more likely than not, the admission of the evidence affected the

verdict. *See Pang*, 362 F.3d at 1192.  Compelling evidence aside from Ludwig's

financial circumstances established that she had embezzled from her employer.

Second, Ludwig failed to object to the prosecutor's argument at trial that her

impecunity established a motive to embezzle.  We therefore review her challenge

to that argument on appeal for plain error.  *See* Fed. R. Crim. P. 52(b).  Under plain

error review, the prosecutor's closing argument did not affect Ludwig's substantial

rights.  *See United States v. Collins*, 684 F.3d 873, 881 (9th Cir. 2012).  As stated,

the evidence against Ludwig was compelling, and the district court could have

convicted her of embezzlement, even without relying on evidence of her financial

circumstances.

2.  Ludwig next argues that the district court erred by applying a two-point

sentence enhancement for obstruction of justice under U.S.S.G. § 3C1.1.  We

review the district court's factual findings underlying its sentencing decision,

including its finding that Ludwig obstructed justice, for clear error.  *See United

States v. Kimbrew*, 406 F.3d 1149, 1151 (9th Cir. 2005); *see also United States v.

Jiminez*, 300 F.3d 1166, 1170 (9th Cir. 2002).  We review "the district court's

application of the Sentencing Guidelines to the facts of th[e] case for abuse of

discretion."  *Kimbrew*, 406 F.3d at 1151.

Here, Ludwig does not challenge the district court's finding that she obstructed justice by providing materially false information in a related administrative proceeding. Based on that finding, the district court correctly applied the obstruction of justice enhancement. *See* U.S.S.G. § 3C1.1 cmt. n.4(F). Therefore, we need not decide whether her statement at trial constituted an "endorsement" of her testimony in the administrative hearing sufficient to support application of the enhancement.

**AFFIRMED.**