**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 13 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-50396 |
| Plaintiff-Appellee, | D.C. No. 2:05-cr-01046-DSF-7 |
| v. | |
| MARK ARNESON, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Submitted February 11, 2019[**]
Pasadena, California

Before: D.W. NELSON, CALLAHAN, and OWENS, Circuit Judges.

Mark Arneson appeals from his sentence imposed on remand for his

convictions for violation of the Racketeer Influenced Corrupt Organizations Act

("RICO"), RICO conspiracy, honest-services wire fraud, and identity theft. We

previously affirmed Arneson's foregoing convictions, vacated his other

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

convictions, and remanded for resentencing. *See United States v. Christensen*, 828 F.3d 763, 776 (9th Cir. 2015); *United States v. Christensen*, 624 F. App'x 466, 473-74 (9th Cir. 2015). As the parties are familiar with the facts, we do not recount them here. We review a district court's interpretation of the Sentencing Guidelines de novo, its application of the Guidelines to the facts for abuse of discretion, and its factual findings for clear error. *Christensen*, 828 F.3d at 815. We affirm.

Arneson argues that his 121-month sentence is substantively unreasonable because the district court's six-level upward departure under U.S.S.G. § 5K2.0: (1) was based on impermissible double counting; (2) was based on insufficient factual findings of obstruction; and (3) created an unwarranted sentencing disparity. *See id.* at 819 (considering an upward departure under § 5K2.0 "as part of . . . a sentence's substantive reasonableness," which is reviewed for abuse of discretion). We are not persuaded.

First, the district court did not engage in impermissible double counting by imposing both a six-level departure under § 5K2.0 and a two-level enhancement for obstruction of justice under § 3C1.1. Contrary to Arneson's characterization, the six-level departure under § 5K2.0 was based not only on Arneson's obstruction, but also on other factors such as his breach of public trust and harm to the victims. Moreover, to the extent that the district court relied on Arneson's

obstruction for the six-level departure under § 5K2.0, the district court did not abuse its discretion in determining that this case was substantially more egregious than ordinary cases of obstruction. *See* U.S.S.G. § 5K2.0 (Nov. 2001) (providing that where "the applicable offense guideline and adjustments do take into consideration a factor listed in this subpart, departure from the applicable guideline range is warranted only if the factor is present to a degree substantially in excess of that which ordinarily is involved in the offense"); *United States v. Ward*, 914 F.2d 1340, 1348 (9th Cir. 1990) (stating that a district court may depart upward under § 5K2.0 to address obstruction that is "significantly more egregious than the ordinary cases of obstruction listed in the application notes to § 3C1.1, of which the Commission has taken full account").

Second, the record shows that the district court made sufficient factual findings of obstruction to support the six-level upward departure under § 5K2.0. Contrary to Arneson's contentions, the district court did not clearly err in finding that Arneson's testimony regarding bankruptcy and being on a plane was perjurious. *See United States v. Jimenez*, 300 F.3d 1166, 1170 (9th Cir. 2002) (stating that a district court's determination that the defendant "obstructed justice is a factual finding reviewed for clear error").

Finally, the six-level upward departure did not create an unwarranted sentencing disparity. *See* 18 U.S.C. § 3553(a)(6) (stating that a court should

3

consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"). For example, the district court did not clearly err in finding that Arneson was not similarly situated to co-defendant Craig Stevens. *See United States v. Ressam*, 679 F.3d 1069, 1094-95 (9th Cir. 2012) (en banc) (stating that co-defendants who engaged in lesser acts, were convicted of different crimes, or pled guilty were not appropriate comparisons under § 3553(a)(6)).

In sum, Arneson's 121-month sentence is substantively reasonable and the district court did not abuse its discretion by imposing it.

**AFFIRMED**.