**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

JUL 19 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA. <br><br> Plaintiff-Appellee, <br><br> v. <br><br> JOSE ORNELAS-DOMINGUEZ, <br><br> Defendant-Appellant. | No.　19-50333 <br><br> D.C. No. 5:18-cr-00110-CJC-1 <br><br> **MEMORANDUM**[*] |

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Submitted June 9, 2021[**]
Pasadena, California

Before: MURGUIA, BADE, and LEE, Circuit Judges.

Jose Ornelas-Dominguez was convicted and sentenced to eighteen months'

imprisonment for illegal reentry after removal in violation of 8 U.S.C. § 1326(a).

He now appeals the district court's denial of his motion to dismiss the indictment,

---

[*]　　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]　　The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

attacking both his prior removal in 2000 and expedited removal in 2011. He also challenges his criminal sentence, arguing that the district court erred by imposing a sentencing enhancement for obstruction of justice and denying his request for a downward adjustment for acceptance of responsibility. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

1.      For Ornelas-Dominguez to prevail on his challenge of his illegal reentry conviction, he must show that both the 2000 and 2011 removals were unlawful. *See United States v. Rojas-Pedroza*, 716 F.3d 1253, 1261 (9th Cir. 2013). We "review[] de novo the denial of a motion to dismiss an 8 U.S.C. § 1326 indictment when the motion to dismiss is based on alleged due process defects in an underlying deportation proceeding." *United States v. Flores*, 901 F.3d 1150, 1155 (9th Cir. 2018) (citation omitted). Factual findings are reviewed for clear error. *Id.*

Ornelas-Dominguez cannot mount a collateral attack on his 2011 expedited removal because he cannot satisfy Section 1326(d)'s requirements. Section 1326(d) gives defendants an opportunity to challenge the validity of prior deportation orders in criminal proceedings arising under Section 1326. 8 U.S.C. § 1326(d). To pursue a collateral attack, an alien must show:

(1) the alien exhausted any administrative remedies that may have been available to seek relief against the order;
(2) the deportation proceedings at which the order was issued improperly deprived the alien of the opportunity for judicial review; and
(3) the entry of the order was fundamentally unfair.

2

8 U.S.C. § 1326(d).

Ornelas-Dominguez argues that he has demonstrated that the 2011 expedited removal order was fundamentally unfair under Section 1326(d)(3) because the immigration officer did not require him to sign Form I-860, purportedly violating 8 C.F.R. § 1235.3(b)(2)(i). Even assuming that Ornelas-Dominguez is correct that the officer violated that regulation, the failure to follow a regulation does not necessarily mean the removal order was fundamentally unfair. And Ornelas-Dominguez has not shown that the alleged failure to follow the regulation amounts to a due process violation such that it was fundamentally unfair under Section 1326(d)(3). *See United States v. Raya-Vaca*, 771 F.3d 1195, 1201-02, 1204–05 (9th Cir. 2014), *abrogated on other grounds*, *Dep't of Homeland Sec. v. Thuraissigiam*, 140 S. Ct. 1959 (2020).

The record indicates that the immigration officer informed Ornelas-Dominguez of the charges of removability and that Ornelas-Dominguez received notice of those charges. *See United States v. Barajas-Alvarado*, 655 F.3d 1077, 1088 n.12 (9th Cir. 2011). Consequently, Ornelas-Dominguez has failed to establish that the entry of the 2011 expedited removal was fundamentally unfair under Section 1326(d)(3). *Raya-Vaca*, 771 F.3d at 1202, 1204–05; *Barajas-Alvarado*, 655 F.3d at 1088 n.12. We therefore affirm the district court's denial of Ornelas-Dominguez's motion to dismiss the indictment under Section 1326(d).

2. Ornelas-Dominguez's sentencing challenges also fail. We review de novo a district court's identification of the correct legal standard but apply the clear error standard to factual findings. *United States v. Gasca-Ruiz*, 852 F.3d 1167, 1170 (9th Cir. 2017) (en banc). "[A] district court's application of the Sentencing Guidelines to the facts of a given case [are] reviewed for abuse of discretion." *Id.* But "[t]he district court's determination that [the defendant] obstructed justice is a factual finding reviewed for clear error." *United States v. Jimenez*, 300 F.3d 1166, 1170 (9th Cir. 2002).

Ornelas-Dominguez fled the rehabilitation facility before being sentenced, resulting in an obstruction of justice enhancement. He argues that because his drug addiction purportedly prevented him from acting "willfully," the district court erred in applying that enhancement. Likewise, he maintains that the district court erred in denying him a downward adjustment for acceptance of responsibility because he fled to seek drugs, not to obstruct justice for the sake of obstruction.

Under the Sentencing Guidelines, a district court may impose the two-level enhancement:

> If (1) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction, and (2) the obstructive conduct related to (A) the defendant's offense of conviction and any relevant conduct; or (B) a closely related offense.

4

U.S. Sent'g Guidelines Manual § 3C1.1 (U.S. Sent'g Comm'n 2018). The Notes describe "obstructive conduct" as including, but not limited to: "escaping or attempting to escape from custody before trial or sentencing; or willfully failing to appear, as ordered, for a judicial proceeding." U.S. Sent'g Guidelines Manual § 3C1.1, cmt. n.4(E). Our precedent clearly establishes that "[a]bsconding from pretrial release" constitutes an obstruction of justice. *United States v. Draper*, 996 F.2d 982, 986 (9th Cir. 1993). Likewise, a district court may infer obstructive intent from a defendant's actions, including escape. *See United States v. Takahashi*, 205 F.3d 1161, 1168 (9th Cir. 2000). Ornelas-Dominguez remained a fugitive until January of the following year. Therefore, the district court did not clearly err in concluding that Ornelas-Dominguez willfully remained out of custody.

Ornelas-Dominguez's final challenge—that his is an "extraordinary case[]" warranting a downward adjustment for acceptance of responsibility—fares no better. Section 3E1.1 permits a two-level downward adjustment "[i]f the defendant clearly demonstrates acceptance of responsibility for his [or her] offense." U.S. Sent'g Guidelines Manual § 3E1.1(a). However, pursuant to the Guidelines Application Notes:

> Conduct resulting in an enhancement under § 3C1.1 (Obstructing or Impeding the Administration of Justice) ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct. There may, however, be extraordinary cases in which adjustments under both § 3C1.1 and § 3E1.1 may apply.

5

U.S. Sent'g Guidelines Manual § 3E1.1, cmt. n.4. In *United States v. Hopper*, we interpreted Application Note 4's "extraordinary case" reference as an inquiry into whether "the defendant's obstructive conduct is *not inconsistent* with the defendant's acceptance of responsibility." 27 F.3d 378, 383 (9th Cir. 1994). Here, Ornelas-Dominguez's pre-sentencing flight undermines his initial acceptance of responsibility. *See United States v. Rosas*, 615 F.3d 1058, 1067 (9th Cir. 2010) (stating that mitigating factors "d[id] not change the fact that [the defendant's] flight" from the country a day before state sentencing "was voluntary and that he had not accepted the responsibility").

**AFFIRMED.**